119 So.2d 175 (1960)
PARISH OF EAST BATON ROUGE, Plaintiff-Appellant,
v.
Jules Truvie EDWARDS et al., Defendants-Appellees.
No. 4968.
Court of Appeal of Louisiana, First Circuit.
March 21, 1960.
*176 R. Gordon Kean, Jr., City Parish Atty., John V. Parker, Asst. City Parish Atty., Baton Rouge, for appellant.
DeBlieux & Covert, Baton Rouge, for appellees.
Before ELLIS, LOTTINGER, TATE, FRUGÉ, and LANDRY, JJ.
TATE, Judge.
This is a proceeding to expropriate a right of way for highway purposes over.834 acres of land. The sole issue is the amount of the award. The appeal by the plaintiff parish questions as excessive the amount awarded; defendant landowners pray by their answer to the appeal that this amount be increased to include an award for severance damages.
The legal principles governing an expropriation award are well settled. "The measure of fair compensation for property to be awarded the owner in expropriation proceedings is ordinarily `the market value, or the price which would be agreed upon at a voluntary sale between a willing seller and a willing purchaser, taking into consideration all available uses to which the land might be put'," Orleans Parish School Board v. Paternostro, 236 La. 223, 107 So. 2d 451, 452. "Furthermore, compensation is due to the owner not only for the value of the property actually taken but also for damage caused to his remaining portion after the taking," Louisiana Highway Commission v. Israel, 205 La. 669, 17 So.2d 914, 916; such latter compensation being termed "severance" damages.
The District Court accepted the testimony of the two expert realtors testifying for the defendants that the latter's 5-acre tract, upon which the right of way expropriated is located, should be valued at $1,500 per acre, so that the right of way itself has a market value of $1,250, the amount awarded. By its appeal the plaintiff parish contends that our learned trial brother erred in not giving consideration to the opinion of the two expert realtors testifying on its behalf that the defendants' tract should instead be valued at between $700 and $800 per acre.
All four realtors agreed that the best method of valuation of the property concerned was by the use of comparable sales.
We do not believe that the trial court erred in failing to give weight to the testimony of the plaintiff's experts. Two of the allegedly comparables (P-6 and P-7) used by them were greatly differentiated from the defendants' tract by size or locations. The third allegedly comparable sale (P-5) was indeed of a right of way purchased by the plaintiff property in the defendants' immediate neighborhood; but, being a sale made to the condemning authority under the threat of expropriation, is not a "willing seller" transaction and is therefore not controlling as a comparable sale. Orleans Parish School Board v. Paternostro, 236 La. 223, 107 So.2d 451.
In our opinion, the trial court correctly accepted the valuation placed upon the property by the realtors testifying for the defendants. The comparable sales used by these experts were mostly of property in the immediate neighborhood which had within two years of the expropriation suit sold at $1,000-$1,100 per acre. They explained the greater value of the defendants' property by the latter's corner location, fine trees, and rectangular shape, which enhanced its marketability. (Cf., "various considerations, such as location, assembly or plottage value, corner influence, and best use, are of great importance in fixing market value", State v. Sauls, 234 La. 241, 99 So.2d 97, 102.) One of the defendants' experts further testified that he had acted as agent in the sale of improved property within 100 feet of the defendants' tract, in which the value assigned to the naked land had been $2,000 per acre.
The award by the District Court was for the right of way, including two trees located thereupon. Although the defendant landowners argue in brief that they are entitled to an additional award *177 for these two trees, the testimony of their realtors makes plain that these witnesses included the value of the trees in arriving at the acreage value of the tract. The testimony as a whole indicates that the value of the loss of these two trees (of the 26 located upon the entire tract) was proportionate to the value of the land taken and did not cause by way of severance damage any loss in value of the remainder of the tract.
The defendant landowners renew by answer to the appeal their contention that, in addition to the award for the right of way expropriated, they should be allowed severance damages for the loss caused to the remainder of their tract by the expropriation. They urge particularly that the tract as a whole has sustained a diminution in value by the circumstances that the new right of way destroys some frontage and produces a commercially less desirable shape to their property, and that it deprives them of a 30-foot frontage upon another hard-surfaced thoroughfare (albeit the new hard-surfaced road in the new right of way will provide ready access to it).
The District Court refused to award such additional severance damages because, in its opinion, "the blacktop road to be constructed subsequent to the expropriation of the property will increase the value of the remaining property of defendants rather than reduce its value." We think such decision to be correct under the applicable legal principles and the evidence in this record.
A public expropriating authority is permitted to credit, against the severance damages which the expropriation causes to the remainder of the property, the market value of any special benefits accruing to the unexpropriated portion of the property by reason of the expropriation use. City of New Orleans v. Giraud, 238 La. 278, 115 So.2d 349; Louisiana Highway Commission v. Grey, 197 La. 942, 2 So.2d 654; East Baton Rouge Parish Council v. Koller, La.App. 1 Cir., 94 So.2d 505. See 3 Nichols on Eminent Domain (3d Ed., 1950) Sections 8.62, 8.6205, 8.6207, 8.6211 (19). Although Civil Code, Article 2633 provides that the basis of an expropriation award "shall be the true value which the land possessed before the contemplated improvement was proposed, and without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work" (italics ours), this provision preventing an offset for expropriation benefits applies only as to compensation for the property actually taken and not as to the severance damages sustained by the remainder of the tract. State v. Central Realty Inv. Co., 238 La. 965, 117 So.2d 261. See Hammond, "Expropriation in Louisiana", 14 West's Louisiana Statutes Annotated (1951) 475 at p. 484.
In the present instance, all four realtors agreed that hard-surfacing the new right of way for the present gravel road bounding the defendants' tract upon two sides will increase its market value. Plaintiff's experts testified positively that such increment in value will exceed the severance damages. The defendants' experts, while estimating a severance damage of from $150 to $200 per acre, were unwilling to testify that, following the expropriation and the hard-surfacing of the road pursuant thereto, the remaining portion of the land will have a value less than the value of $1,500 per acre presently assigned by them to it. We cannot hold, under this testimony, that the severance damages sustained by the remainder of the tract will exceed the increment in its value caused by the road improvement.
Although it is further argued on behalf of the defendant landowners that the additional value accruing to the remainder of their land by the hard-surfacing is a general benefit accruing to the entire neighborhood, which under the above jurisprudence cannot be used as an offset to severance damages, the Supreme Court has *178 decided, adversely to their contention, that when road improvements enhance the value of property fronting thereupon, such enhanced value is "not shared by the community generally and is therefore a special benefit * * * affecting a particular estate", which may be used to offset severance damages. Louisiana Highway Commission v. Grey, 197 La. 942, 2 So.2d 654, 660-661; See also State v. Central Realty Inv. Co., 238 La. 965, 117 So.2d 261; State v. Cooper, 213 La. 1016, 36 So.2d 22. "The most satisfactory distinction between general and special benefits is that general benefits are those which arise from the fulfillment of the public object which justified the taking, and special benefits are those which arise from the peculiar relationship of the land in question to the public improvement", Nichols, above-cited, Section 8.6203, p. 45.
Finding that the award for the right of way is supported by the evidence and that the defendant landowners are not entitled to severance damages in addition thereto, the trial court judgment is
Affirmed.