HARDY, Judge.
This expropriation suit was instituted by the State through the Department of Highways against defendants, husband and wife, and in connection therewith plaintiff deposited the sum of $18,609, representing its valuation of the property taken. By answer defendants sought judgment increasing the value of the property to the sum of $24,500. From a judgment in favor of defendants fixing the valuation of the property at $22,604.70, and allowing the sum of $3,995.70 as additional compensation over and above the amount deposited ■plaintiff prosecutes this appeal.
The sole issue presented by this appeal relates to the fixing of the market value of the property expropriated and the severance damages to the remainder thereof. Appellant specifies error by the trial judge in two particulars; first, the consideration and acceptance of values placed upon lots in a proposed subdivision; and, second, in accepting the opinions of expert witnesses, tendered by defendants, which plaintiff asserts were given without proper basis therefor.
In considering the value of the expropriated property it was divided into two tracts, one denominated as the front lot, measuring 95 by 257.5 feet, on which was located the defendants’ residence and other improvements, and a rear lot containing an area in excess of fifty-nine thousand square feet.
*152 After careful consideration and analysis of the testimony of the witnesses the trial court accepted the valuation of the land included in the front lot as fixed by one of plaintiff’s appraisers upon which it .relied, and increased the value of the improvements and the value of the rear lot.
After study of the record we find no error in the conclusions reached by the trial judge, which, in our opinion, are amply sustained by the .record. The increase in the amount allowed for improvements was primarily due to the difference in the cost of replacement value, which was estimated by defendants’ witnesses as being slightly higher than that fixed by plaintiff’s appraisers, and the failure of the plaintiff to support the so-called comparable values of similar property.
The major difference in the appraisals appears to relate to the valuations fixed by the parties litigant upon the rear lot. It was established on behalf of defendants that in or about the year 1954 or 1955, long prior to any contemplated construction of Interstate Highway 20, they procured a survey of the large lot lying to the rear of their residence with the intention of subdividing the same into four lots, each of which would comprise an area of some 99 by 150 feet. Defendants fixed a prospective value of these four lots at $1,750 each. We think there is no question as to defendants’ good faith in connection with the proposed subdivision of this property, which is supported by a plat thereof, nor in the preponderance of the testimony which would justify the conclusion that such lots would be saleable for a net profit of $5,000 over and above the cost of necessary improvements in connection with such a subdivision. The valuation placed upon this tract by plaintiff’s appraiser on a five cent per square foot basis amounted to $2,953.
It is urgently contended on behalf of plaintiff that our jurisprudence supports the claim that the market value of the rear lot should not be based upon- the value of lots in a contemplated subdivision, and counsel primarily relies upon Parish of Iberia v. Cook, 238 La. 697, 116 So.2d 491.
 We willingly concede the general proposition of law that the true value of property should be fixed as of the date of the expropriation and the condition in which it then existed. However, we do not regard the pronouncements in the case above cited as detracting from or minimizing the correlated and equally well-established principle that the most profitable use to which land can be put by reason of its location, topography and adaptability will be considered in condemnation cases as bearing upon its market value; City of Shreveport v. Abe Meyer Corp., 219 La. 128, 52 So.2d 445; Koerber v. City of New Orleans, 234 La. 433, 100 So.2d 461.
Indeed, we find unqualified pronouncements by the Supreme Court supporting this principle in Parish of Iberia v. Cook, supra. The distinction in this case is based upon the factual finding that speculation and hopes were insufficient to justify the higher valuation for which contention was made.
In the instant case we do not think the valuation urged on behalf of defendants can be classified as merely speculative or hopeful, for it was supported by the testimony of highly regarded and qualified witnesses whose opinions were accepted by the trial judge.
The sole remaining difference in valuation concerns the allowance made by the district judge for a small triangular tract of land lying outside of the required right-of-way which included entire balance of defendants’ property. Plaintiff’s appraiser estimated the severance damage to this tract in the amount of $162, based upon 50% of the total valuation of $323. The trial court refused to accept this estimate of damage, concluded from the testimony that the particular tract was worthless, to the defendant and allowed the full-.amount of the appraised value of $323- *153 The triangular area in question has one side of 196.67 feet, another side of 65.64 feet, and a hypotenuse of 208.04 feet. While it is true that there is little definite •testimony relating to this specific area, the record does not suggest any use, present or future, to which the odd shaped area of land could be put, nor is there any apparent reason for the rejection of defendants’ testimony that this area would be completely useless. Under such circumstances we cannot find that the allowance of the total value constitutes error.
For the reasons assigned the judgment appealed from is affirmed and plaintiff-appellant is taxed with such costs as it is legally required to pay.