TATE, Judge.
The State Department of Highways expropriated some land owned by the defendant property owner, for which the trial court awarded him $4,520. The respective appeals of the plaintiff Department and the defendant question only the amount of the trial court’s award.
The expropriation occurred in January, 1958 in connection with the widening and improving of Admiral Doyle Drive. This is the main road between New Iberia and a new naval air base. (Construction of this base had commenced during 1957 before the expropriation.) The property taken was approximately the western fourth of a corner site just within the city limits of New Iberia at the intersection of Admiral Doyle Drive and of Hopkins Street, the latter a paved roadway leading from the business district of New Iberia to Jefferson, Avery and Weeks Islands.
The expropriated area consists of 11,-300 square feet, which the -State’s appraisers valued at 200 per square foot and which the defendant landowner’s experts valued at 500 per square foot. In arriving at its award, the trial court placed a valuation of 40^ per square foot for the portion of the defendant’s property taken.
The issues raised by the parties’ appeals in this case are essentially factual. The defendant landowner argues that the trial court should have accepted the valuation of 50^ per square foot placed upon the expropriated property by the appraisers testifying for him. The plaintiff department contends that the opinion of its local appraisers of the land’s worth as only 20^ per square foot was more soundly based upon more comparable sales and that the trial court erred in accepting the valuation of the opposing appraisers, since admittedly founded in part upon the sales of land made to the expropriating authority in connection with the same project for which the subject property was taken.
As both parties agree, the general rule is that “the measure of compensation to be awarded in expropriation cases is the market value of the property —that is, a price which would be agreed upon at a voluntary sale between a willing seller and purchaser * * * and that sales of similar and comparable property within the vicinity offer the best guide in determining the market value to which the owner is entitled * * * ”, State through Dept. of Highways v. Central Realty Investment Company, 238 La. 965, 117 So.2d 261, 263. On the other hand, it is also agreed that “sales to the expropriating authority made under the threat of expropriation are not the result of free bargaining between a willing seller and a willing buyer, and, while they can he considered in reaching the market value of property to he expropriated, are not controlling as com *449 parable sales”, State through Dept. of Highways v. McDuffie, 240 La.App. 738, 123 So.2d 93, 96. (Italics ours.) See also Orleans Parish School Board v. Paternostro, 236 La. 223, 107 So.2d 451; Parish of East Baton Rouge v. Edwards, La. App. 1 Cir., 119 So.2d 175.
Without detailing the qualifications of the various appraisers concerned or the reasons for their appraisals, we think it sufficient to state, in reviewing the factual matter, that we find no error in the trial court’s conclusions that the appraisals of certain of the appraisers were entitled to great weight, since they were experienced realtors and well familiar with property values in New Iberia, nor in its conclusion that a valuation of 40^ per square foot was a proper award for the portion of the defendant’s land taken, the best and most profitable use of this corner site being for commercial development.
The record reflects, in our opinion, that the comparable sales relied upon by the defendant landowner’s appraisers as supporting a valuation of 50f5 per square foot concerned in the main property in a more developed area of Admiral Doyle Drive. On the other hand, the comparable sales used by the Department’s appraiser to justify a figure of 20^ per square foot concerned property closer to the subject site, but non-corner sites sold in 1955 and 1956 [1] before commencement of construction of the new naval air base had enhanced the value of possible commercial sites along Admiral Doyle, the main thoroughfare leading to this new development.[2] Other sales at prices of from 20 — 25^ per square foot concerned less valuable inside residential lots in the neighborhood, two to three blocks away from Admiral Doyle or Hopkins, although otherwise comparable in date and size to the subject acquisition by expropriation.
As stated, we find no error in the trial court’s valuation of the present property at 400 per square foot, taking into consideration the adjustment of the prices of all these sales upward or downward in accordance with the favorable or unfavorable characteristics of the land conveyed as compared to the subect property or with the respective dates of sale.
We further find no error in the trial court’s considering, although it did not find controlling, voluntary sales made by other property owners to the expropriating authority. In the absence of any shown special circumstances or of any more comparable sales, such conveyances may be somewhat indicative of value, even if made under the threat of expropriation, since their valuations may .result to some extent from voluntary agreement and sometimes bargaining between the landowners and the expropriating agency.
Finding no error in the trial court judgment it is, accordingly,
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.

. Except for a large 100-acre tract, obviously not comparable in arriving at a cents-per-square-foot valuation for tbe more valuable frontage of the subject small corner site.

. It is conceded that the property taken must be valued as of the date of expro» priation and without considering any enhanced value resulting from the improvement of Admiral Doyle Drive. See LSA-Civil Code, Article 2633, providing in part that the expropriation valuation “shall be the true value which the land possessed before the contemplated improvement was proposed.”