REID, Judge.
Plaintiff, State of Louisiana through Department of Highways, filed this suit on July 11, 1960 to expropriate 4.734 acres out of a tract of land situated in Section 84, T 7 S R 1 E, Greensburg Land District, Parish of East Baton Rouge, State of Louisiana located on the southwest quadrant of the Florida Boulevard Circle for a right-of-way for State Project No. 7-09-33. Plaintiff deposited the sum of $46,479.00 as just and adequate compensation for the land taken and the resulting damage to the defendant’s property. Defendant Circle Center Corporation filed an answer admitting that the plaintiff is entitled to expropriate the right-of-way subject to the reservation in perpetuity in favor of the defendant of all oil, gas, and other minerals located on said property. Defendant further answered that the amount tendered by the Department of Highways was inadequate and the true value of the land taken is not less than $30,000.00 per acre, or a total of $142,020.00. Defendant claimed there was a fence and an advertising sign on the property worth not less than $5000.00. Defendant asked for additional damages as follows:
a: Prepare new plot plans, renderings, brochures, models and other papers required by the shifting and rearrangement of buildings, traffic and parking which involves a cost of not less than Six Thousand Dollars ($6000.00).
b: Estimated cost of additional pilings, floorings, and foundations to main buildings required by the loss of the land expropriated and the resulting need to use less suitable land, Ten Thousand Dollars, ($10,-000).
c: Estimated cost of compacting fill1 under buildings, due to new location over old drains made necessary by loss of the land expropriated, Seven Hundred Forty Dollars ($740.00).
Defendant prayed for judgment in the-sum of $142,020.00 for the actual cash value of the property taken and $21,740.00 for damages to the remaining portion of the defendant’s property, or a total judgment of $163,760.00 plus court costs and fees of' the expert appraisers.
The Judge assigning written reasons, rendered judgment in favor of defendant and against the plaintiff in the sum of $101,459.-75 and for all costs subject to a credit for the amount deposited and withdrawn herein. The lower Court fixed the fees of the two appraisers of the defendant, J. Clifford Doiron and Verdie Reece Perkins in the sum of $1000.00 to each, and allowed the three appraisers, Mr. Doiron and Mr. Perkins for defendant and LeRoy Cobb for plaintiff, witness fees in the sum of $100.00 for each witness, taxing the fees as costs and recognizing the mineral reservation with respect to the property expropriated. This judgment was signed on October 24, 1961. Subsequently the judgment was-amended fixing- just compensation at the sum of $98,459.75 for the property expropriated and $1000.00 each as expert fees for Mr. Doiron and Mr. Perkins, and fixing the fees of the expert witnesses Mr. Doiron and Mr. Perkins and Mr. Cobb at $100.00 each and assessing these fees as costs.
From this judgment the State prosecutes, this appeal.
Appellant contends the Trial Court-erred in determining the just compensation! due the land owner to be the market value of the land expropriated as frontage land without regard to the fact that the frontage upon the highway was restored to the land owner’s remaining land. It is further set up as an error that the assessment of appraisers’ fees as “damage” should be assessed as “cost.” The latter issue has been; *413 before this Court heretofore several times and by a divided Court we have held such fees should be assessed as damages. However, in the recent case of State of Louisiana, through Department of Highways v. Frank J. Jones, La.App., 138 So.2d 466 on the docket of this Court, one of the cases in which we held that these fees should be assessed as damages, the Supreme Court granted writs and reversing this Court contended such fees be assessed as court costs. This case has not been reported and the delay for applying for re-hearing has not expired. However, in view of the decision of the Supreme Court we hold fees of expert witnesses are properly taxed as costs rather than as damages.
The value of the fence and sign on the property is now moot as defendant has accepted the evaluation of the State appraiser of $3500.00 for the sign, and $279.75 for the barb wire fence.
The only remaining issue before this Court is the amount of just and adequate compensation due Defendant for the value of the land expropriated.
The State contends the method of evaluating land for the purpose of arriving at “just compensation” to the land owner in the instant case is erroneous. It is argued the proper method of evaluating front land expropriated from a much larger parcel of land owned by defendant, where the remaining portion has the same frontage on the new road as the original tract of land had upon the original road and where the remaining tract has been only slightly reduced in size relatively by the expropriation, would be to fix the value of the entire tract and deduct the value of the land expropriated on the basis of the size rather than the location of the condemned property.
The land in question is part of a 72 acre tract fronting on the southwest quadrant of the Florida Boulevard Traffic Circle. This Circle is the intersection of U. S. Highway 190, or Florida Boulevard which extends east and west and the Airline Highway which extends north and south. At the time these condemnation proceedings were filed the property was unimproved woodland and the nearest commercial activity was located on the south side of Florida Boulevard and the west side of Airline Highway.
Mrs. Eleanor C. Witter, the former owner, sold one-half interest in this 72 acres of land to Hamilton Crawford and they formed the defendant corporation, transferring the land for stock in the said corporation with the intention of constructing a shopping center development. Plans and brochures were prepared to promote the project, but the work had not commenced when the front part was condemned.
The two appraisers called by defendant were J. Clifford Doiron and Verdie Reece Perkins, both of whom were well qualified experts by experience and training.
Mr. Doiron used as his first comparable a sale made by one Pollard to Maleo dated November 14, 1958 for a consideration of $63,000.00 for 2.381 acres which was on the basis of $26,459.00 per acre. This property is located on the southeast corner of the Circle across the Highway from the subject property. His next comparable was a sale from Pollard to Crosstown on November 13, 1959 for a consideration of $155,616.00 for 5.4961 acres, or $28,313.00 per acre. This property was sold by Crosstown to Maleo Corporation on June 19, 1960 for a consideration of $156,046.00. This consideration would be $28,418.00 per acre on an acreage basis. Mr. Doiron suggested fees necessary to the second sale increased the price by $400.00 This property is located at the southeast corner of the intersection of Florida Boulevard and Airline Highway and adjoins the first comparable.
Mr. Perkins, the other appraiser for defendant valued the property taken at $131,-000.00 based on the sale of the two tracts immediately across the Airline Highway used by Mr. Doiron. He testified the two tracts were similar and had the same characteristics and same value. He averaged the price of the two tracts and appraised the subject property at $27,750.00 per acre.
*414 The Trial Judge in his written reasons for judgment commented:
“Mr. Perkins in my opinion is in a particularly favorable position to voice an opinion on this subject. He has not only sold commercial tracts on Florida Boulevard not far distant from the subject property but he enumerated several important sales handled by him and others with which he was familiar, all of which led him to say that the Florida property and Airline Highway area is in much demand, notwithstanding a slow down in demands for lands in other parts of the city.”
The plaintiff used as its first expert Mr. LeRoy Cobb. Mr. Cobb testified that he had begun his career as an appraiser in Baton Rouge in the early part of 1959. Previously he had lived in Natchez, Mississippi although he was born and raised in Louisiana and kept a license in Louisiana for some twenty years. Mr. Cobb appraised the value of the fence on the property at $279.75, the sign board at $3500.00 and the land taken at $37,872.00 making a total of $41,652.00. However, Mr. Cobb and the other appraiser Mr. Lowell Roseman, signed a certificate (P-5) attached to the petition declaring the value of the property taken at $46,479.00.
Mr. Cobb stated in arriving at his estimate he used the sale of Mrs. Witter to the defendant dated February 27, 1959 which showed a consideration of 5060 shares of stock at par value of $100.00 per share, or $506,000.00 for the 72.28 acres conveyed. This would give a value of $7,000.00 per acre.
He testified that he had studied the com-parables used by the two defendant appraisers but did not think that they were applicable to this property. He stated that the sale from Pollard to Maleo Real Estate Corporation covered 2.381 acres for a total consideration of $26,459.00 per acre. He commented on the fact that at the time of this sale Mr. Pollard was asking $150,000.00 for the entire 8 acres of which the 2.381 acres was a part. He felt that this indicated that as the size of the track went down the price per acre went up. He did not consider this a comparable because there was only 2.381 acres involved in this sale and he was comparing it to the 72.28 acre tract. He did not think they were comparable in size and did not use this as a comparable.
Mr. Cobb further testified that he did not use the two sales, Pollard to Crosstown and Crosstown to Maleo, used by the two defendant appraisers because he did not consider them comparable due to the difference in size.
Mr. Cobb testified he used as a comparable a sale of 8 acres from Mrs. Eleanor C. Witter to Woman’s Hospital Realty Corporation dated June 17, 1957 for $64,000.00 at $8000.00 per acre. Defendant’s two experts testified this sale was a partial donation and the recited consideration did not indicate the market value.
His next comparable was a sale from Heidel Brown to National Investment Life Insurance Company of a tract of land containing 15 acres on April 23, 1959 for a consideration of $180,000.00 or $12,000.00 per acre. His next comparable was a sale from Appleby and Others to Judson Baptist, Incorporated for 21.91 acres on December 31, 1957 for $216,765.00 or $9865.90 per acre.
His next comparable was a sale from Joe Roppolo to Goodwood Home Sites, Inc., of 133.433 acres. This sale was dated May 7, 1958 and the consideration was $654,000.00 or $4907.30 per acre.
Mr. Cobb testified that he evaluated the property expropriated, namely the 4.734 acres as part of the whole 72.28 acres. He said that he was instructed by plaintiff’s attorneys to appraise it in that manner. Fie placed a value on the entire tract of 72.28 acres at $578,24-0.00 or a value of $8000.00 per acre. He valued the remainder of the tract at $540,368.00. He fixed a value by taking the figure of $37,972.00 for the tract expropriated.
*415 On cross-examination Mr. Cobb testified that the Heidel Brown property is located on Airline Highway just south of Greenwell Springs Road approximately two . miles from the subject property. He testified that the Judson Church property was about two miles north of the Greenwell Springs road, or about three and one-half miles from the expropriated property. He testified the 15 acres sold to National Investment Life Insurance Co., was about a mile from the subject property.
He stated on cross-examination that while previously he had stated the 8 acres Mrs. Witter sold to the Woman’s Hospital was immediately south of the property involved in this law suit that actually there were intervening properties and that the 8 acres was never a part of the property belonging to the Circle Center Corporation. He further testified he was familiar with the sale from John R. Herrin to Jim Austin of 6.02 acres on April 5, 1957 for $105,000.00 or $17,441.00 per acre. He did not use this comparable.
The Trial Judge commented on the testimony of Mr. Cobb which we think sets the true consideration to be given his testimony in the following words, to-wit:
“He and Lowell Roseman, the other plaintiff appraiser signed a certificate (P-5) attached to the petition on which this suit was filed and the deposit made, declaring the value of the property taken to be $46,479.00. Mr. Cobb does not explain this difference. The land alone he says is worth $7000.00 per acre based on the number of shares of stock at $100.00 par which the owners received when they placed the 72 acres in this defendant corporation. This argument is not worthy of consideration by the court. If that basis were used the total value of the land taken would be only $33,000.00. Yet he says that it is worth $37,872.00. His unrealistic approach endeavors to fix the value of the whole 72 acre tract, and then takes the proportion of that total to show that the land here taken has a value of $7000.00 per acre. In the first place, the value of corporate stock equals the full value of the land regardless of the figure used as a price in transferring the land to the corporation. In the second place, the sale of the land by the stockholders to the corporation is nothing more than a sale to themselves and it is definitely not an arm’s-length transaction. In the third place, we are not here concerned about the total value of the 72 acres, or the price per acre of a tract of that size anywhere. Mr. Cobb made one reasonable observation and that was that he noticed in his investigation that in sales of land as the acreage in any tract sold became smaller the price was higher per acre. He refers to several sales of tracts entirely removed from the subject property and that are so inapplicable because there is no comparability in size and location that I shall not discuss them. This witness was asked (Tr. 94) if he evaluated the property taken, and he said he did as a part of the entire tract of 72 acres, to which he gave a value of $578,240.00, which is right at $8000.00 per acre. He was asked if that was the appropriate way to do it and he said that was the way the plaintiff’s attorneys instructed him to do it, but he never did tell us that he thought that was the appropriate way to arrive at a valuation. He ignored the two Pollard sales of tracts similar in size and exactly alike in location. Therefore, we do not have his expert opinion as to what is the market value of this exact 4.734 acres taken.”
Mr. Lowell Roseman, the other appraiser for plaintiff, did not testify on account of illness, but his written report dated March 5, 1960 was offered by stipulation, in which he appraised the value of land taken at $42,-606.00 and the improvements at $1273.00, or a total of $43,879.00. Mr. Roseman certified the estimate of the Department offering of $46,479.00 to be a fair price. He offered *416 no explanation for the difference in his report and the certified estimate.
This brings us to the main aspects of this suit and to the property method to be used in evaluating the market value of property expropriated for public use.
Counsel for Department contends the State should pay for the expropriation of land fronting upon a highway the market value of such land without frontage upon the highway, which is approximately equivalent to the taking of the same area from the land where the land will have a new frontage after the taking. Counsel admits there is no Louisiana jurisprudence sustaining his position.
The method of fixing a just and adequate compensation for private property taken for public purposes in Louisiana has been established for over a hundred years.
Our Constitution provides for just and adequate compensation in expropriation matters in Section 2, Art. 1, LSA-R.S. 19 :9 of 1950 reads as follows:
“9. Measure of compensation
“In estimating the value of the property to be expropriated, the basis of assessment shall be the value which the property possessed before the contemplated improvement was proposed, without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work.”
Plaintiff is attempting to change the jurisprudence and the law so that the Department may offset the value of land taken with the accretion accruing to the remainder in cases where the land to the rear of the property taken has approximately the same frontage on the highway. Our Courts have never recognized this position.
In Louisiana Highway Commission v. Grey, 197 La. 942, 2 So.2d 654, the Supreme Court said:
“When part of a tract of land is taken for the public use, it frequently happens that the construction and maintenance of the public work for which the land is taken inflicts some injury upon the remainder of the tract or parcel. And, while this is true, yet in other respects the remaining land may be benefited by the construction of the work. The benefits or advantages, if any, which may result from the construction of the work are either general or special. General benefits are those which are shared alike by all property owners in the neighborhood or community. Such damage as a property owner may sustain as a result of the construction and use of a public work cannot be offset by these general benefits. The reason is that the citizen whose property is taken cannot be compelled to bear more of the cost of the public improvement and general benefits resulting therefrom than is borne by other property owners whose property is neither taken nor damaged for the public purpose. In the case at bar, if the Highway Commission were allowed to offset defendant’s damage by the general benefits, the result necessarily would be that she would contribute more to bring about the general benefits than her neighbors would. In Louisiana Highway Commission v. Hoell, 174 La. 302, 140 So. 485, it was held that damages to the remaining land cannot be offset by general benefits.
“The rule is different as to peculiar or special benefits, or those affecting a particular estate by reason of its direct relationship to the improvement. If, as a result of constructing a new work, the remaining land or part of it is left fronting on a road or street, and the land fronting the road or street is more desirable and more valuable because of the frontage, the advantage thus gained is a special or peculiar benefit, and damages to the remaining property may be offset by such benefits. It has been so held by the Supreme Court of the United States. McCoy v. Union *417 Elevated R. Co., 247 U.S. 354, 38 S.Ct. 504, 62 L.Ed. 1156; United States v. River Rouge Improvement Co., 269 U. S. 411, 46 S.Ct. 144, 146, 70 L.Ed. 339.”
The defendant in this case is not claiming any damages to the remaining property. See also Parish of East Baton Rouge v. Edwards, La.App., 119 So.2d 175; La. Highway Commission v. Giaccone, 19 La.App. 446, 140 So. 286; East Baton Rouge Council v. Roller, La.App., 95 So.2d 505.
There are some Federal Courts and the Courts of Michigan and New York who have followed the line of jurisprudence urged by the appellant. However, the law applicable differs from our Louisiana law. Appellant uses excerpts from Nichols “On Eminent Domain” as authority for its contention, but Nichols himself recognizes that offsets are not permitted everywhere. He recognizes Louisiana as one of the states which does not apply this method.
The Judge of the Lower Court found the land covered in the two compar-ables used by the defendant’s appraisers was of a different character than the land which is the subj ect of this law suit. The land on the east side of the Airline Highway is recognized to be a well settled Subdivision while the land on the west side of the Airline Highway is wooded land which has not yet been developed into commercial or private use. Taking this into consideration he fixes the true market value of the subject property at $20,000.00 per acre or a total of $95,680.00. We believe the Lower Court was justified in considering the difference in the characteristics of the property on the east and on the west side of Airline Highway in arriving at its figure.
Defendant answered the appeal and asked the award be increased to $131,000.00 for the value of the property taken; $16,740.-00 for damages, and that the experts’ fees be raised from $2000.00 to $3000.00.
The Trial Judge rejected the claims for damages because they were not proven. We find, however, that these damages are not compensable. The only damages that can be recovered are the value of the property taken, plus damages to remaining property.
“The amount due for private property expropriated for public purposes is its market value when taken and compensation for any damage that might be caused to remaining property.” Louisiana Highway Commission v. Paciera, 205 La. 784, 18 So.2d 193.
We feel the Judge was correct in disallowing these items. Fees allowed the two appraisers for defendant fixed by the Judge at $1000.00 each we think is fair and reasonable and does not warrant any change.
For the foregoing reasons it is ordered the judgment of the Lower Court be amended by disallowing the fees of $1000.00 each for the two appraisers as items of damages and taxing the same as costs. In all other respects the judgment of the Lower Court is affirmed.
• Amended and affirmed.