157 So.2d 274 (1963)
STATE of Louisiana, through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
Leo CAILLIER, Defendant-Appellee.
No. 964.
Court of Appeal of Louisiana, Third Circuit.
October 30, 1963.
Rehearing Denied November 20, 1963.
Writ Refused January 20, 1964.
*275 D. Ross Banister, Glenn S. Darsey, Ben C. Norgress, Jesse S. Moore, Jr., Chester E. Martin, by Ben C. Norgress, Baton Rouge, for plaintiff-appellant.
Voorhies, Labbe, Fontenot, Leonard & McGlasson, by Donald Labbe, Lafayette, for defendant-appellee.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
FRUGÉ, Judge.
This is an expropriation suit brought by the State of Louisiana, through the Department of Highways, against Leo Caillier, a landowner in Lafayette Parish, Louisiana. This dispute arises over a parcel of land consisting of 6,085 square feet, located on Willow Street near the City of Lafayette. The Department of Highways valued the property at $420.00 and deposited that amount in the registry of the court. The defendant landowner contended that his land was worth more than the amount deposited. The district court rendered a judgment in favor of the defendant landowner in the amount of $3,651.00. From this judgment, the Department of Highways appeals.
This controversy concerns the method of evaluating the property in question. The property is located across the street from a developed subdivision near the city limits of Lafayette. At the time of the suit, the property was part of a larger tract of approximately six acres and was being used by the defendant landowner for farming. The appraisers for the Department of Highways felt that the entire six acre tract could be best utilized as subdivision property. They estimated that the value of the entire land as undeveloped subdivision property was approximately six cents per square foot. Therefore, they multiplied six cents by 6,085 square feet, the amount of property to be expropriated, and came up with a value of $365.10, which they rounded off to $370.00. In addition, the department's appraisers added $50.00 to the amount for the value of a fence on the expropriated property, resulting in an award total of $420.00.
Real estate appraisers testifying for the defendant landowner felt that the land to be expropriated had a specific market value for commercial or residential use. They testified that the highest and best value of the property could be realized without the need for expenditures for further development. One of these appraisers testified that the defendant landowner should receive $4,000.00, while another testified that he should receive approximately sixty cents per square foot, totaling about $3,600.00.
The trial judge concluded that the defendant landowner was entitled to receive sixty cents per square foot for his land, totaling $3,651.00. Our examination of the record indicates that the trial judge was correct in his determination; his judgment should be affirmed.
The Department of Highways contends that the trial court erred in failing to recognize that property must be appraised as a whole. It argues that when a portion of property is expropriated it must be related to the whole. In the present case, we do not agree. In expropriation suits the measure of compensation is the market value of the property, being that price which would be agreed upon at a voluntary sale between a willing seller and a willing purchaser. State Through Dept. of Highways v. Levy, 242 La. 259, 136 So.2d 35. In determining the market value, the property must be evaluated at its highest and best use. State v. D. H. Sanders Realty Company, La., 155 So.2d 24. The possibility for its use for all available purposes and to which it might be reasonably adopted should be considered. State Through Dept. of Highways v. Williams, La.App., 131 So.2d 600. In the present case, the trial judge concluded that there was a present existing demand for the defendant's property for sale as lots on the frontage of Willow Street. He felt that since the land to be *276 expropriated was located on a paved street and had all the municipal improvements available to the developed land across the street, it should be considered separate from the whole tract of land owned by the defendant landowner. Based on these reasons, we feel that the record clearly supports the trial judge's conclusions that the highest and best use for the property would be for commercial or residential purposes without the necessity for further development.
The Department of Highways further argues that the trial judge erred in reaching his valuation by comparing lot sales to an expropriating authority in a developed subdivision across the street from the property in question. It is well established that sales of similar and comparable property in the vicinity offer the best guide in determining market value. State Through Dept. of Highways v. Central Realty Investment Company, 238 La. 965, 117 So.2d 261; State Through Dept. of Highways v. Carret, La.App., 130 So.2d 447. But it is also a rule that sales of other property to the condemning authority, being made under the threat of expropriation, are not controlling as comparable sales to fix the market value of the property to be expropriated. Orleans Parish School Board v. Paternostro, 236 La. 223, 107 So.2d 451. But even though not controlling, other expropriation sales may be considered. In State v. Carret, La.App., 130 So.2d 447 at page 449, this court stated: "We further find no error in the trial court's considering, although it did not find controlling, voluntary sales made by other property owners to the expropriating authority. In the absence of any shown special circumstances or of any more comparable sales, such conveyances may be somewhat indicative of value, even if made under the threat of expropriation, since their valuations may result to some extent from voluntary agreement and sometimes bargaining between the landowners and the expropriating agency."
In the present case, the trial court established the market value of the property based on the testimony of expert real estate appraisers testifying for the defendant landowner. These two appraisers testified concerning comparable expropriation sales in the immediate area. In addition, the trial judge relied on their personal knowledge of the particular area and of Lafayette in general. Based on these factors, we do not feel that the evidence of other expropriations completely controlled the trial judge in reaching his conclusions. He considered them; but he may do so under the law.
For the foregoing reasons, the judgment of the district court is affirmed. Plaintiff is assessed all costs of this appeal.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., is of the opinion that a rehearing should be granted.