171 So.2d 779 (1965)
STATE of Louisiana, through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
P. Dewey LANDRY et al., Defendants-Appellees.
No. 1331.
Court of Appeal of Louisiana. Third Circuit.
February 10, 1965.
Rehearing Denied March 3, 1965.
Writ Refused April 15, 1965.
Jesse S. Moore, Jr., D. Ross Banister, Glenn S. Darsey, W. Crosby Pegues, Jr., by Jesse S. Moore, Jr., Baton Rouge, for plaintiff-appellant.
Landry, Watkins, Cousin & Bonin, by Jack J. Cousin, New Iberia, for defendant-appellee.
Before TATE, FRUGÉ, and CULPEPPER, JJ.
TATE, Judge.
The plaintiff Highway Department expropriated 1.3 acres of highway frontage from the defendant landowners' 25-acre tract. The portion taken was commercial frontage, with a market value at the time of taking of about forty thousand dollars if the portion had been sold in commercial lots with a depth of 150 feet. The trial court awarded the landowners this value for the property taken. The Department appeals.
The sole issue on appeal is whether this is the proper method of arriving at the market value of the highway frontage taken.
*780 Our Supreme Court recently restated the settled jurisprudence in Louisiana that "the compensation to be awarded in expropriation suits is the market value of the property taken, that is, the price which would be agreed upon between a willing and informed buyer and a willing and informed seller under usual and ordinary circumstances." State through Department of Highways v. Hayward, 243 La. 1036, 150 So.2d 6, 8, and decisions cited therein.
The appellant Department points out that, following the taking for highway purposes, the remainder of the 25-acre parent tract was provided with a new frontage on the new highway, with a commercial value equivalent to the frontage taken on the old highway. Thus, it is argued, the landowners did not sustain the pecuniary loss of valuable commercial frontage. Since the entire parent tract had a value of $2,750 per acre prior to the taking, the Department contends that, therefore, the loss of market value of the defendants' 25-acre tract occasioned by the expropriation, is only the pro rata loss in value of the entire parent tract caused by its reduction in area by the 1.3 acres taken. This amounts to less than four thousand dollarsi. e., 1.3 acres at $2,750 per acre.
In essence, the appellant Department contends that the landowners should not be awarded the commercial market value of frontage taken because, valued as a whole, the parent tract did not sustain the loss since the original highway frontage was replaced by a new highway frontage. The Department insists that under these circumstances it is improper to award the landowners the commercial value of the frontage taken, or to value the portion taken as if it were sold on the market for commercial purposes as a lot separate from the parent tract. It is contended that a willing buyer on the open market would not actually pay the commercial value of 83¢ per square foot for the irregularly-shaped and insufficiently-deep strip actually taken for highway purposes.
Nevertheless, although a willing buyer might not pay 83¢ per square foot for such an irregularly-shaped strip, the evidence shows that such price would be paid for the land squared off to a depth of 150 feet. Since it was a portion of this valuable front land that was taken, we think the trial court correctly determined the market value of the portion taken as proportionate to that which a willing buyer would pay for the land squared off to a depth of 150 feet.
Such a method of computing compensation has consistently heretofore been approved. See, e. g., State, Through Dept. of Highways v. Caillier, La.App. 3 Cir., 157 So.2d 274, certiorari denied, 245 La. 572, 159 So.2d 285; State, Through Dept. of Highways v. Moyse, La.App. 1 Cir., 151 So.2d 149, 157; State Through Dept. of Highways v. Barnard, La.App. 2 Cir., 130 So.2d 151; Michael v. State, La.App. 2 Cir., 129 So.2d 587. These cases are also authority for basing the award on the higher market value of the frontage actually taken, rather than on its lesser pro rata average-acre value as a proportionate part of the entire parent tract. See also 1 Orgel, Valuation under Eminent Domain, Section 52 (2nd ed., 1953). For, in general, the market value of the particular portion of a tract expropriated is determined by the actual market value of the portion taken, not by its average per-acre value as a pro rata portion of the parent tract. Louisiana Highway Commission v. Guidry, 176 La. 389, 146 So. 1; State Through Dept. of Highways v. Moyse, La.App. 1 Cir., 151 So.2d 149; Louisiana Highway Commission v. Giaccone, Orl., 19 La.App. 446, 140 So. 286.
Basically, the Department contends that the true market value of the commercial-frontage strip actually taken, should be reduced to allow credit for the benefits received by the remainder of the parent tract because of the taking, in which formerly-rear land will now front on the highway and will thus now be equally valuable for commercial *781 purposes as the former frontage was before the expropriation. This is, in fact, the rule in a small minority of American jurisdictions. 1 Orgel, Valuation under Eminent Domain, Section 7 at p. 151 (2nd ed., 1953); 3 Nichols on Eminent Domain, Sections 8.6206, 8.6211 (3rd ed., 1950).
However, as these authorities also note, in most other American jurisdictions, including Louisiana, the market value of the property expropriated can not be offset by the benefit that the remainder of the parent tract may receive by the taking.[1] In Louisiana, an applicable statute specifically provides, LSA-R.S. 19:9: "In estimating the value of the property to be expropriated, the basis of assessment shall be the value which the property possessed before the contemplated improvement was proposed, without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work." See also LSA-R.S. 48:453.
Based upon the quoted provision of LSA-R.S. 19:9, our brothers of the First Circuit recently rejected arguments of the Department identical to those now raised, in allowing the property owners the full market value of commercial frontage taken, without reduction because of new highway frontage provided, through the taking, for the remainder of the large parent tract. State Through Dept. of Highways v. Circle Center Corp., La.App. 1 Cir., 148 So.2d 411, 416-417. In refusing a writ of certiorari to review this judgment, our Supreme Court specifically stated: "In view of the provisions of R.S. 19:9, there is no error of law in the judgment of the Court of Appeal." 243 La. 1011, 149 So.2d 765. Under similar circumstances, this court recently reached the identical result as did the First Circuit, although without extended discussion. State Through Dept. of Highways v. Caillier, La.App. 3 Cir., 157 So.2d 274, certiorari denied 245 La. 572, 159 So.2d 285.
We regard the proposition as settled by Louisiana jurisprudence and statute, therefore, that landowners are entitled to receive the full and actual market value of highway frontage expropriated for further highway purposes, without deduction therefrom because a new highway frontage will be provided, by reason of the taking, for formerly-rear portions of the parent tract. To allow such a deduction from the market value of the property taken, would be to allow deduction from this value for benefits which will be derived because of the contemplated improvement for which the expropriation was made, in direct contravention of LSA-R.S. 19:9, the legislative provision forbidding landowners from being deprived for such reason of the true market value of their property which is expropriated for public purposes.
The authorities are inapposite upon which the appellant Department relies in support of a contrary conclusion: Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270 (1897), simply held to be constitutional a statute which did indeed permit the market value of the land taken to be offset by the value of the improvements accruing to the remainder because of the taking: but we are presently concerned with no such statute; rather, instead, with a statute providing to the contrary. And Colonial Land Co. v. Board of Com'rs, 170 La. 1057, 129 So. 635, simply concerned the method of apportioning assessed value of an entire parent tract, when a part of it was appropriated for levee purposes, under a legislative provision providing for payment for appropriated property at a price not exceeding its assessed value for the preceding year; again, we are not here concerned with such a statutory provision, but instead rather with enactments calling for payment *782 of the true market value of land expropriated without deduction therefrom for benefits to be derived from the contemplated improvement.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the Department-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., is of the opinion that a rehearing should be granted.
NOTES
[1] Nevertheless, such benefits may be used as a credit against severance damages sustained by the remainder of the tract (although not as a credit against the market value of the portion taken). State Through Department of Highways v. Central Realty Investment Co., 238 La. 965, 117 So.2d 261, and cases cited therein. 3 Nichols on Eminent Domain, Section 8.6207 (3rd ed., 1950).