ON REHEARING
En banc.
HOOD, Judge.
We granted a rehearing in this matter to reconsider our conclusions as to the value, of the property which is being expropriated.
Originally we were under the impression that the property being taken had a total frontage of 369.50 feet on Louisiana Highway 31, that 269.50 feet of that frontage had a depth of from 135 to 144 feet, and that the remaining 100 feet of frontage had a depth of about 20 feet. We have reexamined the record and find that we were in error in these measurements. The evidence shows that the property being expropriated had a total frontage of 327.18 feet on the highway. Of this frontage 227.18 feet had a depth of from 144 to 155 feet, and the remaining 100 feet of frontage on the highway had a depth of about 22 feet.
Our initial determination of the value of the subject property was based largely on two prior sales which we felt were comparable. Each of these sales involved a track of land having a frontage of 90 feet on the highway by a depth of 118 feet. One of these lots sold for $12.68 per front foot, and the other sold for $10.55 per front foot. Using these sales as an indication of the value of property in that area, we concluded that the portion of the subject land which fronted on the highway with a depth of from 135 to 144 feet had a value of $12.-00 per front foot, and we increased the award made by the trial court to allow that amount.
Our attention, however, has been directed to the fact that none of the four real estate experts who testified at 'the trial considered these two sales as being comparable or as indicating the value of the subject property. Actually, only one of these expert appraisers even mentioned these two sales, and he referred to them, not for the purpose of showing the value of the property which was being taken, but instead to illustrate that the value per front foot of a rural homesite lot decreases substantially as the depth of the lot is reduced. We are convinced that we erred in using these two sales as the basis for determining the value of the property which is being expropriated.
The two expert real estate appraisers who testified in behalf of the defendant landowner were Mr. Preston Babineaux and Mr. J. Alfred Mouton, Sr. These experts listed 17 prior sales (not including the two we referred to in our original opinion) which they considered to be comparable. The land affected by three of these transactions apparently did not front on highways, so those sales were of no use in determining the value per front foot of the subject property. The lots affected by the remaining 14 sales did front on blacktopped highways, as did the property being taken here, and we think these sales were properly considered as indicating the value of the property being taken. An examination of these comparable sales of lots with highway frontage shows that ten of them involved tracts with depths from 420 to 578 feet, and these lots sold for prices ranging from $18.00 to $28.00 per front foot. One of these comparable sales involved a lot having a shallower depth of 300 feet, and it sold for a lower price amounting to $15.00 per front foot. A frontage lot with a much greater depth of 714 feet sold for $36.10 per front foot, and another with a depth of approximately 750 feet sold for $37.80 per front foot. In three of the prior sales which were considered by defendant’s experts the prices paid for the lots sold were valued on an acreage basis, with the result that the values ranged from $1082.00 to $3250.00 per acre.
The appraisers who testified for defendant, after considering and adjusting these *601 comparable sales, concluded that the piop-erty being expropriated here had a value of $29.00 per front foot, in spite of the fact that it had a depth of only about 144 feet. Then, assuming erroneously that the subject property had a frontage of 269.50 feet by that depth, they determined that that portion of the subject property had a value of $7815.00. They estimated the value of the remaining portion of the property being taken at $217.00, and thus they valued all of the property being expropriated at the sum of $8032.00. They conceded that if the value which they placed on the subject property should be converted to its worth per acre, the result would be that they were placing a value of $10,310.00 per acre on the subject property.
Messrs. Maurice Chappuis and Sam Kennedy, expert real estate appraisers, testified in behalf of plaintiff. In arriving at their estimates as to the value of the property taken, they considered substantially the same comparable sales which were used by defendant’s appraisers. Both of plaintiff’s experts concluded that that portion of defendant’s property which fronted on the highway, and extending to a depth of 400 feet, was best suited for rural homesite purposes. They felt that a typical rural homesite had a depth of at least 400 feet, that the highest market value of the property would be attained only if it extended to such a depth, and that the value of the property would be materially reduced if the depth were decreased to less than 400 feet. After considering the above mentioned comparable sales in that area, Mr. Chap-puis found that the subject property had a value of $25.00 per front foot, based on a depth of 400 feet. Converting this to a square foot or per acre valuation, he concluded that the property taken had a value of $.0625 per square foot or $2722.50 per acre. Since .758 acres was being taken he concluded that it had a total value of $2,-063.65.
Mr. Kennedy, using the market data approach and basing his findings as to value on substantially the same comparable sales as those used by Chappuis, concluded that the subject property had a value of only $23.00 per front foot, with a typical depth of 400 feet. Converting that to a square foot or acreage value, he estimated that the subject property had a value of $.06428 per square foot or $2800.00 per acre. In his opinion, the .758 acre tract which is being taken had a value of $2122.00 at the time of the taking.
The. trial judge accepted the opinions as to value which were expressed by the experts who testified in behalf of plaintiff. He concluded that defendant was entitled to an award of $2145.00 as the value of the property being expropriated, and to the additional sum of $46.00 as severance damages, making a total award of $2191, that being the amount which plaintiff had deposited as just and adequate compensation when the order of expropriation was issued.
Our jurisprudence is now settled that in the expropriation of property for highway purposes, landowners are entitled to receive the full market value of highway frontage property taken for further highway purposes, without making any deductions therefrom because of the fact that as a result of the taking a new highway frontage will be provided for formerly rear portions of the parent tract. State, Through Department of Highways v. Caillier, 157 So.2d 274 (La.App.3d Cir. 1963, Cert. denied); State, Through Department of Highways v. Landry, 171 So.2d 779 (La.App.3d Cir. 1965, writ refused 247 La. 676, 173 So.2d 541) ; State, Through Department of Highways v. LeDoux, 184 So.2d 604 (La.App.3d Cir. 1966).[1]
The evidence in the instant suit convinces us, as it did the trial court, that a typical rural homesite in the area where *602 defendant’s property is located has a depth of 400 feet, and that the highest market value of the subject property would be obtained by determining its value per square foot or per acre, squared off to a depth of 400 feet. We cannot agree with defendant that a depth of ISO feet is all that is needed for rural homesites, that any depth in excess of ISO feet must be considered as sur-plusage, and that the value per front foot of a rural homesite having a depth of only 150 feet would not be substantially less than the value of such a site with a depth of 400 feet.
Since the portion of defendant’s frontage property which is being expropriated has a depth which is less than the ideal depth of 400 feet, we think the trial judge correctly awarded to defendant a sum equal to the value per square foot or per acre of the property actually taken, -based on its ideal depth of 400 feet. See State, Through Department of Highways v. Landry, supra, and State, Department of Highways v. LeDoux, supra.
After re-examining all of the evidence we have concluded that the trial judge was correct in finding that the property being expropriated had a value of $.06428 per square foot or $2800.00 per acre, and we thus find no error in the judgment of the trial court awarding defendant the sum of $2145.00 as the value of the subject property.
At the time the order of expropriation was issued plaintiff deposited $46.00 in the Registry of the Court as adequate compensation for the severance damages which it acknowledged would be sustained by defendant. When the case was before us on appeal initially we rejected defendant’s demand that this award of severance damages be increased. Defendant has not applied for a rehearing, and plaintiff does not argue that the award of severance damages made by the trial court should be modified. We, therefore, affirm the award of $46.00 made by the trial court as severance damages.
Our conclusion is that we erred in increasing the award made by the trial court when the case was before us originally. For the reasons herein assigned, we now affirm the judgment which was rendered by the trial court. The costs of this appeal are assessed to defendant-appellant.
Affirmed.

. Heretofore, the author of this opinion has consistently disagreed with this statement of the law, but now concedes that it represents the views of a majority of this court.