REID, Judge.
This is an expropriation suit the subject of which involved the taking of 1.006 acres of river front property in St. Tammany Parish for highway purposes. The District Court awarded a total of $1500.00 which included reimbursement for the value of the property itself and the improvements and also provided for interest thereon at 5% per annum from May 23, 1956 until paid.
The Highway Department has appealed from this judgment insofar as it exceeds the amount of $592.10 which it deposited in the Registry of the Court. The attorney for the defendant has not answered the appeal asking for an increase.
Since the defendant is apparently satisfied with the award, only two issues remain before this court on appeal. One issue is whether or not the court should have considered increasing the valuation of the land taken due to alleged defects in defendant’s pleadings. The chief defect alleged is that the answer failed to itemize damages for the loss of a small tract taken from a larger tract as required LSA-R.S. 48:451.[1] If the court was correct in doing so, then plaintiff-appellant questions whether the court placed a proper valuation upon the improvements and land taken.
On the first issue we quote the following pertinent portions of defendant’s answer:

“17.

“Defendant denies that the amount named and fixed as the compensation to be paid defendant is just or adequate, and further denies that the persons who made the appraisal are competent to fix the amount of compensation as they are employees of the plaintiff and are not familiar with the value of real estate in St. Tammany Parish.”
“20.
“Further defendant alleges that the widening of the highway will cause a further loss and damage to his property in the sum of Five Thousand ($5000.00) Dollars by making the same unsightly and forcing defendant to have to enter his property from the side in order to reach the highway, thus causing great inconvenience and damage all of which will amount to the sum of Five Thousand ($5000.00) Dollars.
“WHEREFORE, defendant prays that there be judgment herein on his reconventional demand, and in his favor and against the plaintiff for the full sum of Six Thousand ($6000.00) Dollars and defendant further prays for all general relief in the premises, and all-costs.” (Emphasis ours)
Reading these Articles and the Prayer together it is felt that plaintiff was put on guard by Article 17 that its valuation of the land taken was questioned. Article 20 of the answer asks in effect for $5000.00 damages for all the loss and damage to defendant’s land. Coupling these Articles with the Prayer we feel that plaintiff was substantially apprised that the valuation of the expropriated tract was at issue. Had. plaintiff filed an exception of no cause of action, an exception of vagueness, or a motion to strike, it could have *888 asserted its dissatisfaction with the form of this answer. Even before the new Louisiana Code of Civil Procedure was enacted our courts have made an effort to liberalize technical rules of pleading and to avoid having procedural rules applied technically so that substantive rights are denied.
We agree with the plaintiff-appellant in its contention that the rules of the LSA-Code of Civil Procedure, and particularly 862, 865, and 5051 of said Code cannot be applied in determining the sufficiency of the pleadings in this case since the pleadings in question were filed before the effective date of the Code (See Sec. 4 LSA-C.C.P., Vol. 1, p. 748). However, it is felt that the pleadings under attack contained sufficient allegations to put the valuation of the expropriated tract at issue. Therefore, it is felt that the District Court properly considered the question of the sufficiency of the valuation of the expropriated tract.
The assets on the land taken included a stand of young pine trees, four pecan trees, a wire fence with concrete posts and a gate with two brick pillars. The tract taken was an irregular strip, having a frontage of 99.51 feet on the Tchefuncta River, and extending approximately 350 feet back, narrowing to a width of 14.60 feet in the rear.
The two appraisers for the Highway Department were both in its employ. The one who testified merely substantiated the amount of the original deposit which was made as a result of the original appraisal. It was stipulated that the other appraiser for the Highway Department would testify in substantially the same manner if he were put on the stand.
There was considerable testimony in the record by two local appraisers testifying for the defendant, setting a value of $3000.00 per acre on land such as the tract taken. Although the parcel in question was bought as a part of an 18.84 acre tract approximately one year prior to the expropriation at an over-all value of considerably less than $3000.00 per acre, defendant’s appraisers explained the difference in value by the location of this particular parcel and the sharp increase in land values in the area by the intervening development of the Causeway over Lake Ponchartrain. No comparable sales were available. The land was considered by both of defendant’s appraisers as though it were a building lot in arriving at the valuation placed upon it. Generally speaking this is not the proper method of evaluating a small tract which is taken from a larger undeveloped tract. It should be valued by considering what value the portion taken bore to the value of the whole tract. Orgel on Valuation under Eminent Domain, Vol. I Second Edition, Section 52, p. 274; Colonial Land Co. Ltd. v. Board of Com’rs of Ponchartrain Levee Dist., 170 La. 1057, 129 So. 635.
Therefore, the Court was justified in reducing the valuation placed upon the expropriated tract. In view of the improvements on the land, which included a stand of pines, pecan trees, the fence, and considering the river frontage of the tract taken it is felt that the trial Judge’s conclusions were more than reasonable in setting the valuation it did upon the expropriated tract, plus improvements.
Accordingly, the judgment of the District Court is affirmed in its entirety and all costs of this appeal are taxed to the State of Louisiana, through the Department of Highways, plaintiff-appellant herein.
Affirmed.

. “451. Determining value and damages where part of a tract is expropriated.
“Where a portion of a lot, block or tract of land is expropriated, any defendant may apply for a trial to determine the just and adequate compensation to which he is entitled, provided:
“(1) He files an answer within one year from the date he is notified in writing by the department that it has finally ae-cepted the construction of the highway project for which the property was expropriated;
“(2) His answer sets forth the amount he claims as the value of each parcel expropriated and the amount he claims as damages for the remainder of his property;
“(3) His damage claim is reasonably itemized.”