SAVOY, Judge.
Plaintiff expropriated from defendant a 4.42-acre tract for use as an electric bulk substation site.
The only issue for consideration on this appeal is quantum of damages.
The lower court awarded the defendant landowner a total of $30,852.27, which figure includes $1,320.00 as severance damages. From that judgment plaintiff has appealed, seeking a reduction of the award; and defendant has answered the appeal, seeking an increase in severance damages.
Plaintiff contends that the land expropriated should be classified and evaluated as best suited for agriculture and as rural homesites; defendant contends that it should be classified and evaluated as industrial property.
The record reveals that the 4.42 acres in question is an irregularly shaped tract, out of a total tract of about 28 acres, fronting 360' on a blacktopped road and running adjacent to a railroad right-of-way a dis *617 tance of approximately 338', near Grand ■ Point, St. Martin Parish, Louisiana. A plat of the subject property is reproduced herein for purposes of clarity.

*618 In 1958, plaintiff purchased a servitude from defendant for $1,500.00, a small tract 75' X 100' for use as a substation. This area is shown on the reproduced plat and is encompassed by the 4.42-acre tract, as are two existing power lines of plaintiff’s which traverse the tract.
The proper use of the 4.42-acre tract by plaintiff requires that it be fenced in, its use permanently denied to the defendant landowner, with the expropriation thus amounting to a taking of the fee title. .Its prior use by defendant was for the raising of cattle.
Two expert witnesses, both real estate men, testified with regard to the value of the property and resulting damages. Plaintiff’s witness, Mr. Dan A. Ritchey, Jr., has been engaged in the real estate business since 1935, and as an appraiser since 1953. He classified the property’s highest and best use as being for agriculture and as rural homesites. As to the 4.42-acre tract, and based on a taking of the fee title, he took into consideration its agricultural value at an average of $325.00 per acre; available space for two rural homesites measuring 100' X 156.6' at $1,250.00 each; 815' of agricultural fencing at a depreciated value of twenty cents per lineal foot; and twenty per cent (20%) severance damages to a portion of the land, amounting to $91.00. His total figure was $3,980.00, averaging out to $884.44 per acre for the 4.42-acre tract. By way of comparable sales, Mr. Ritchey considered four sales of agricultural acreage which occurred between 1957 and 1960, and which averaged out to between $300.00 and $400.00 per acre, and four sales of rural homesites which occurred in 1962, and which averaged out to about $1,000.00 each for lots approximately 100" X 150'.
Defendant’s witness, Mr. Jesse Guidry, had been a licensed real estate agent for about three years at the time of trial, and indirectly engaged in real estate for about two years before that. He classified the highest and best use of the 4.42-acre tract as industrial, based on the presence of plaintiff’s existing substation and the proximity of the blacktopped road and railroad tracks. He considered it strategically located to the type of use to which it had been placed by plaintiff since 1958. He made no formal appraisal of the property. By way of comparable sales, having classified the property as industrial, he referred himself only to plaintiff’s $1,500.00 purchase of the small substation in 1958, and projected the per-acre figure from that to 4.42 acres, thus arriving at a figure of $6,750.00 per acre. He felt further that the land immediately behind the 4.42-acre tract which he classified as industrial before the taking, would, as a result of the taking, become second-class agricultural land, worth perhaps $200.00 per acre. He stated further that the land taken could also be utilized as homesites, which he valued at about $1,200.00 each for lots 60' X 125'. No fixed number of homesites and no specific mathematical breakdown for severance damages was given by Mr. Guidry.
The three following points, we feel, are of prime importance in deciding this particular case:
First, the valuation made by defendant’s expert is clearly based on the fact that plaintiff already occupies a part of defendant’s land, and having paid $1,-500.00 for that small tract, should now pay an amount projected from that figure. In his testimony, he stressed the high degree of adaptability of the land to plaintiff’s use, and on that basis, classified it as industrial. The adaptability to the con-demnor, however, is not a proper basis for evaluation as such. State Through Dept. of Highways v. Hayward, 243 La. 1036, 150 So.2d 6, and cases therein cited.
Second, the subject property is unquestionably located in a rural area. Defendant’s expert witness agreed on cross-examination that the surrounding area is, in fact, used mostly for agriculture and as rural homesites. The only industrial concerns in the area are a small canning fac *619 tory, a sugar mill, and a cotton gin, and they are located in or near small country towns at appreciable distances from defendant’s land. Suffice it to say that the record simply does not bear out the probability of an industrial need or demand for defendant’s land at any time in the foreseeable future, and we need not discuss the point in further detail.
Third, in its written opinion, the lower court stated:
“Dan A. Ritchey, Jr. testified that the highest and best use of the property was for agricultural land and rural homesites, and the court agrees. The same is true of the lot which was purchased on May 20, 1958.” (Emphasis ours.)
******
“Mr. Wyatt very properly countered with the question ‘Why do you refuse to buy this right at the same price per acre that you paid on May 20, 1958?’
“As the price fixed by Mr. Ritchey as the market value is less than $900.00 per acre, while the price of $1,500.00 or $6,681.51 per acre voluntarily paid May 20, 1958 by plaintiff to defendant in a deed prepared by plaintiff reciting ‘The receipt and adequacy of which is hereby acknowledged’, this Court has no other basis and must fix the value of the rights sought herein at $6,681.51 per acre.”
However, while prior sales to the condemn- or are admissible in evidence insofar as they may bear on market value, they are not controlling as comparable sales. State Through Dept. of Highways v. Caillier, (La.App., 3 Cir., 1963), 157 So.2d 274.
While it is the general rule of law to give full and equal weight to the testimony of all expert witnesses, in this case there is no possible way to do so; they are too far apart to be reconciled. Consequently, we must adopt one and reject the other. In our view, the classification and valuation arrived at by plaintiff’s expert, Mr. Ritchey, is the better reasoned and conforms, in point of fact, to the evidence as revealed by the record, and, we note, to the basic conclusion regarding highest and best use arrived at by the lower court.
In his answer to plaintiff’s appeal, defendant seeks an increase in severance damages. The lower court awarded $1,320.00, miscalculated inadvertently, in the following manner:
“Q. Now, with reference to the little parcel that you left out in order to make a full rectangle of the piece immediately to the south, would that not in effect increase the acreage?
“A. It would, if all the measurements were correct.
“BY THE COURT: What damages do you place on that piece of property?
“THE WITNESS: We claim that that has been reduced to secondary agricultural land worth now about two hundred dollars, per acre.
“BY THE COURT: How much is that, thirteen hundred and twenty dollars?
“BY MR. CHAMPAGNE: Yes, sir.”
It is apparent from the foregoing testimony that the witness, defendant’s expert, Mr. Guidry, was not therein referring to severance damages. He, in fact, gave no specific figure representing severance damages, and in any event, it would presumably have been based on his industrial classification of the property. Again, this Court will adopt the figure arrived at by Mr. Ritchey.
Finally, plaintiff seeks to have defendant taxed with costs of court on the basis of his refusal to accept plaintiff’s offer of $4,000.00 prior to the filing of suit. While there is available jurisprudence under which defendant might be cast under *620 the - circumstances of the instant case, we feel there was some justification for his initial layman’s viewpoint in expecting payment on the same basis as plaintiff’s prior purchase from him. The equities thus considered, we will tax all costs against plaintiff-appellant. LSA-C.C.P. Article 2164; State Through Dept. of Highways v. Hyland, (La.App., 1 Cir., 1962), 148 So.2d 886.
Accordingly, the judgment of the lower court is amended so as to award the defendant the total sum of $4,000.00, the amount deposited in the Registry of the lower court by plaintiff upon the filing of its suit. In all other particulars, the judgment of the lower court is affirmed. All costs of this appeal and in the lower court are assessed against plaintiff-appellant.
Amended and affirmed.