219 So.2d 602 (1968)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
Elmer Lee HUNT.
No. 7385.
Court of Appeal of Louisiana, First Circuit.
May 27, 1968.
On Rehearing January 27, 1969.
Rehearing Denied March 10, 1969.
Writ Granted April 25, 1969.
*603 Ben C. Norgress, and D. Ross Banister, Glenn S. Darsey & Marshall W. Wroten, Chester E. Martin, Baton Rouge, for appellant.
Edward Donald Moseley of Benton & Moseley, Baton Rouge, for appellee.
Before LANDRY, BAILES and CUTRER, JJ.
LANDRY, Judge.
This is an expropriation proceeding in which plaintiff, State of Louisiana, Through the Department of Highways (Department), the condemning authority, appeals from that portion of the trial court judgment awarding defendant-owner, Elmer Lee Hunt, severance damages to that portion of his property remaining after the taking. We set aside the award of which plaintiff-appellant complains because of defendant's failure to prove severance damages with that degree of certainty required by law.
Subject property is situated in East Baton Rouge Parish, more particularly on the north side of the Greenwell Springs Road just east of the intersection of said roadway and Airline Highway (the Baton Rouge-New Orleans four-lane highway). Its use is required in the construction of a complex interchange to be built at the junction of the named roadways. On the date of taking, January 9, 1964, Greenwell Springs Road was a two-lane blacktopped highway. Prior to its condemnation, the property in question consisted of an irregular interior lot, cuneous in form. The wedge measured 79 feet front on Greenwell Springs Road, its diverging eastern and western side lines measured 464.50 and 441.10 feet, respectively; its back or rear *604 line measuring 167.99 feet. The plot contained an area of 53,688 square feet on which were situated a masonry residence, a garage apartment and two rent houses. The area taken was the frontage on Greenwell Springs Road measuring 79 feet in width with a depth of 85.22 feet on the east line, a depth of 81.01 feet on the west line and a width across the rear or north of 95.31 feet. None of the aforementioned improvements were situated on the area expropriated. As a result of the taking, the remainder of the property has a present frontage of 95.31 feet, as compared to its former frontage of 79 feet. Prior to the taking, the residence, the improvement nearest the front property line, sat back approximately 100 feet from the northern limit of Greenwell Springs Road. Said residence is presently 17 feet from the north right of way line of said highway. Previously the property enjoyed direct access to the highway on which it fronts. Presently it fronts on a service road.
Upon institution of suit, plaintiff estimated the value of the land taken at the sum of $4,870.00 and severance damages at the sum of $1,878.00 and deposited the total of $6,748.00 in the registry of the court. The trial judge, relying primarily on the testimony of plaintiff's appraiser, Karl Snyder, and defendant's estimator, Kermit Williams, valued the property taken at 90¢ per square foot and awarded judgment for the land taken in the sum of $6,260.00. Based principally on Williams' evidence, the trial court also allotted severance damages in the sum of $11,170.00, resulting in a total award of $17,430.00. Inasmuch as plaintiff had deposited the sum of $6,748.00, judgment was entered in favor of defendant in the further sum of $10,682.00.
The several experts called to value the property and establish severance damages or the absence thereof, are in agreement that the best and highest use of subject property is for commercial purposes notwithstanding its present use as residential. They are also agreed that property in the general vicinity has commercial value to a depth of 200 feet only.
Plaintiff contends the trial court erred in (1) determining the value of improvements on the remaining property on a cost approach basis predicated upon residual use when in fact the best and highest use is commercial, thus prohibiting valuation for residential purposes; (2) considering elements such as traffic diversion, inconvenience and disturbance to the landowner as factors in assessing severance damages; (3) according weight to the testimony of defendant's expert, Williams, regarding severance damages when such testimony was unsupported by sound reasoning, and (4) disregarding established jurisprudence governing the award of severance damages.
We state at the outset those principles of law which govern the issue at hand, namely, whether the award for severance damages is unsupported by the record.
In an expropriation proceeding the measure of severance damages is the difference between the market value of the remaining property immediately before and after the taking. State Through Department of Highways v. Christ Baptist Church, La.App., 197 So.2d 83.
The burden of proving alleged severance damages rests upon the landowner. Such damages are not to be presumed but must be established by the owner who must show by competent testimony that the land remaining has been diminished in value as a result of the taking. Louisiana Highway Commission v. Ferguson, 176 La. 642, 146 So. 319.
The mere fact that remaining property fronts on a service road rather than a main traffic artery as a result of an expropriation is not per se compensable. State, Through Department of Highways v. Sumrall, La.App., 167 So.2d 503. A landowner may not be awarded damages for lack of direct highway access when he *605 is provided reasonable access after the taking. Inconvenience to the landowner, diversion of traffic or change in attending conditions are not proper elements of severance damages unless they diminish the value of the owner's remaining property. Rudolph Ramelli, Inc. v. City of New Orleans, 233 La. 291, 96 So.2d 572; State, Through Department of Highways v. Lewis, La.App., 142 So.2d 652.
Opinions of witnesses regarding valuation of property taken or severance damages incurred in an expropriation proceeding are acceptable and will be considered by the courts only when founded upon sound reasoning supported by the facts of the individual case. State, Through Department of Highways v. Havard, 239 La. 133, 118 So.2d 131.
Utilizing five sales of comparable properties, defendant's appraiser, Kermit Williams, valued subject property (without the improvements) at the sum of 90¢ per square foot to a depth of 200 feet or $17,100.00 for the approximately 19,000 square feet involved. Not finding any comparable transactions involving nonconforming improvements such as the residential buildings situated on subject commercial property, Williams valued the improvements on a reproduction basis, less depreciation. He determined replacement cost to which he then applied a 40% depreciation factor in each instance to cover what he termed physical, functional and economic depreciation as well as the cost of converting each structure from residential to commercial use. On this basis he valued the house, garage apartment and rent houses at $11,200.00 and certain miscellaneous improvements in the sum of $300.00 or a total valuation of $11,500.00. Williams thus valued the land (200 feet in depth) and the improvements thereon in the aggregate of $28,600.00. From this total he deducted the value of the land taken, 6,956 square feet at 90¢ per foot or $6,260.00, thus arriving at a valuation of $22,340.00 for the remaining portion of the front 200 feet, prior to the taking.
In determining severance damages to the remainder of the 200 foot commercial depth, Williams considered its worth diminished for such purpose because of the loss of direct highway access. He also deemed its value lessened by the consequent reduction of parking area in front of the main building from 100 feet to 17 feet, which circumstance placed the principal structure in violation of the applicable zoning law requiring a commercial building to be set back at least 25 feet from the front property line. On these factors, he concluded the value of the remaining portion of the 200 foot commercial depth diminished to one-half its value or the sum of $11,170.00. Williams did not consider to any extent that portion of the property lying to the rear or north of the 200 foot commercial depth as he was of the opinion it was not affected one way or the other by the taking.
Defendant's other expert, W. D. McCants, employed three comparable sales to value the entire tract, comprising 53,688 square feet, at 75¢ per square foot or $40,266.00. Computing the 6,956 square feet taken, he arrived at a valuation thereof in the sum of $5,017.00, it being pointed out to him that on such basis the figure should be $5,217.00. Also using a reproduction less depreciation basis, he valued the main structure at $11,203.00, the garage apartment $1,872.00, the rent houses $4,000.00 (with no depreciation taken), and miscellaneous depreciation of $500.00 for loss of shrubs and a portion of the driveway. In this manner he fixed the value of the improvements before the taking at the aggregate of $17,575.00. Adding this figure to the total value of the land, he reached an appraisal of $57,841.00 for the whole of the property, with all improvements, before the taking. Finding that the main structure was damaged 50% of its value due to the taking by virtue of its being near the front property line thus eliminating parking between the street and building, and also concluding the land was diminished 25% in value because of its being on a service road, Mr. McCants was *606 of the opinion the remaining property was valued at $38,610.00. By this process he arrived at a severance damage figure of $14,214.00.
Plaintiff's witness, Karl J. Snyder, appraised the southerly 200 feet of subject property at 90¢ per square foot on which basis he valued the land taken at $6,260.00, and the entire 200 foot depth at $21,080.00. He determined the value of the improvements to be $11,476.70. Being of the opinion that conversion of the residence to commercial use would cost 50% of its value, he deemed said structure contributed only $5,788.00 to the commercial market value of the property. He was of the further opinion the garage apartment added $500.00 in value and the rent houses $3,000.00, making a total valuation of $30,500.00 for the 200 foot commercial depth with all improvements thereon. The remaining portion of the 200 foot commercial depth he valued at $24,240.00 which is simply the difference between his estimation of the value of the entire tract less the value of the portion taken. Mr. Snyder believed there were no severance damages but rather the remaining portion of the entire tract was enhanced in value due to the wider frontage enjoyed by the property because of the taking.
Defendant's appraiser, Chester A. Driggers, was of the view subject lot was of similar utility to one having 120 feet frontage by a depth of 440 feet. On this basis he estimated subject property to be valued at 40¢ per square foot or $176.00 per linear front foot. Since the entire parcel contained 53,688 square feet, he valued the whole at $21,475.00. Mr. Driggers appraised the residence at $10,525.00 after deducting 25% for depreciation. The remainder of improvements he valued at $5,850.00. He thus valued the entire tract with improvements at the sum of $37,850.00. The value of the land taken was estimated at $2,785.00 (6,956 square feet at 40¢ per foot) plus $80.00 for taking a portion of the driveway.
As previously stated, the award for severance damages was based primarily on Williams' testimony. In essence he predicated his estimate on the loss of direct highway access and the fact that the service road fronting the property was not a continuous road but merely a limited facility serving only those properties situated near the junction of Greenwell Springs Road and Airline Highway. In addition, he considered that after the taking the improvements would be in violation of the 25 foot setback rule pertaining to commercial establishments, which fact would create a parking problem and act as a deterrent to prospective purchasers. Finally, he concluded the improvements would have to be altered for commercial use and his appraisal of severance damages included the amount he deemed necessary to effect such a conversion.
We find no merit in plaintiff's contention the trial court incorrectly fixed severance damages as though the best and highest use was residential when all experts agreed its best and highest use was commercial. It suffices to state that Williams and all other experts recognized the nonconforming use as residential and predicated their respective appraisals upon the estimated cost of converting the improvements on the remainder of the property to commercial use following the taking.
However, we also find no sound basis in the record for Williams' estimates of severance damages. Rather we find his appraisal based on conjecture and personal opinion unsupported by facts attending this particular case. Moreover, we note his appraisals in this regard ignore certain elementary factors which appear established by an overwhelming preponderance of the evidence.
It is clear from the record that property in the general vicinity is considered of commercial value to a depth of 200 feet only and is valued and sold as such on either a square foot or front foot basis. It is equally clear that in the case at hand defendant's *607 property to a depth of 200 feet now has more front footage and square footage than before the taking. The record also shows the property is valued at approximately 90¢ per square foot to a depth of 200 feet both before and after the taking. Therefore we conclude the value of the remaining 200 feet adjacent to the new roadway has increased in value in the amount of 90¢ for each additional square foot therein contained. Moreover, the record does not establish with that degree of exactness required by law that the rear portion of the remaining property (that part situated more than 200 feet from the present roadway) has sustained any diminution in value. We believe it suffices to relate that the weight of the evidence is that said remainder or rear portion has been unaffected in value by the taking.
Williams' testimony ignores the increase in value to the remaining property resulting from the increase in the square footage of the commercial area thereof. It is settled law that any increase in value peculiar to the property affected, and not general to the area, must be considered in offset of severance damages, if any. Parish of East Baton Rouge v. Edwards, La. App., 119 So.2d 175.
We likewise fail to find sound reason or basis in the record for Williams' conclusion that the cost of conversion of the improvements to commercial would be substantially increased due to the taking. In this respect, it must be remembered that even if there were no taking, the improvements could not have been utilized for commercial purposes without alteration. Williams' testimony regarding the difference in cost of conversion resulting from the taking is not based on any comparables or similar situations of which he was aware. Neither does it contemplate any particular commercial use. His evidence in this regard is vague and amounts to pure opinion. Since there appears no factual basis for such conclusions, they must be dismissed as speculative. Louisiana Highway Commission v. Ferguson, 176 La. 642, 146 So. 319.
We find the same to be true with respect to the contention the lack of direct highway access has diminished the value of defendant's remaining property. The record discloses the presence of a service road which will afford adequate ingress and egress to the new highway. In contending that value would be diminished as a result of the service road factor, Williams could cite no instance of comparable or nearby property being adversely affected by such circumstance. In essence he merely expressed the opinion that the situation after the taking lends itself to the possibility that the property might perhaps have no practical commercial value, or at least limited such value.
Finally, the contention that commercial value is reduced because the improvements were situated within a prohibited distance of the front property line following the taking is unsupported by any factual determination or consideration. This conclusion on Mr. Williams' part is mere speculation and, as such, may not constitute the basis of an award of severance damages.
On institution of suit plaintiff deposited in the registry of the trial court the sum of $6,748.00, of which amount $4,870.00 represented compensation for land taken, the remaining $1,878.00 being for conceded severance damages. Plaintiff's admission of liability in the aggregate of $6,748.00 entitled defendant owner to judgment in said amount without further proof. Having failed to establish entitlement to further award for severance damages, defendant is limited in recovery to the amount deposited, without interest. See LSA-R.S. 48:455.
Accordingly, it is hereby ordered, adjudged and decreed the judgment of the trial court be and the same is hereby amended in that the total award in favor of defendant, Elmer Lee Hunt and against plaintiff, State of Louisiana, Through the Department of Highways, be and the same *608 is reduced from the sum of $17,430.00 to $6,748.00, without interest. It is further ordered, adjudged and decreed that in all other respects the judgment of the trial court is affirmed. All costs of these proceedings in both the trial court and on appeal to be paid by defendant, Elmer Lee Hunt.
Amended and rendered.
Before LANDRY, REID and SARTAIN, JJ.

ON REHEARING
REID, Judge.
This matter is before the Court on a rehearing granted but limited to the question of defendants entitlement to the amount of severance damages deposited by plaintiff.
The plaintiff when it filed this suit for expropriation deposited in the Trial Court the sum of Six Thousand, Seven Hundred Forty-eight and no/100 ($6748.00) dollars of which amount Four Thousand, Eight Hundred Seventy and no/100 ($6470.00) dollars represented the compensation for the land taken. The remaining One Thousand, Eight Hundred Seventy-eight and no/100 ($1878.00) dollars being conceded for severance damages. In our original judgment, we reduced the amount of the award in the Lower Court from Seventeen Thousand, Four Hundred Thirty and no/100 ($17,430.00) dollars to Six Thousand, Seven Hundred Forty-eight and no/100 ($6748.00) dollars without interest.
The defendant, Elmer Lee Hunt, filed a motion for a rehearing alleging that we were in error in not awarding them the sum of One Thousand, Eight Hundred Seventy-eight and no/100 ($1878.00) Dollars, which was the amount of the severance damages originally estimated by the plaintiff and deposited in the registry of the Court. We found, in our opinion, that the defendant was not entitled to any severance damages. The application for a rehearing is based on our previous decision of State of Louisiana, through the Department of Highways v. Baddock, 170 So.2d 5.
A review of this matter and of the Baddock case, supra, convinces us that we were in error in not awarding the One Thousand, Eight Hundred Seventy-eight and no/100 ($1878.00) dollars severance damages, which was the amount originally deposited in the registry of the Court by the plaintiff.
In the Baddock case, supra, we held as follows:
"However, should the Department seek at the trial any determination of just and adequate compensation, whether for the land taken or severance damages, lower than the estimate contained in its initial petition, it is incumbent upon the Department to so notify the defendant by filing an amended pleading setting forth this revised sum and give satisfactory reasons therefor at the trial. An amendment of this nature appears to be permitted within the liberal terms of Articles 1154 and 1151 LSA-C.C.P. The procedure suggested appears to accord with the provisions of LSA-R.S. 48:442(4), (which section prescribes the content of the petition to be filed by the Department) and with the obligation imposed on the landowner in State v. Hyland, La.App., 148 So.2d 886, 888 to the effect the defendant, in order to claim an amount in excess of the deposit must file an answer expressly asserting his right to an amount over and above that deposited by the Department."
In the instant case the department did not file an amended pleading nor did it file an application for a rehearing. The plaintiff did not contend that no severance damage was due in their original argument on this case but merely complained as to the amount thereof. Under these circumstances and following the Baddock decision the land owner would be entitled to the amount shown on the certificate and deposited *609 with the filing of the initial petition herein, namely the sum of Eighteen Hundred Seventy-eight and no/100 ($1878.00) dollars.
In our original opinion we cast the defendant for the costs inasmuch as we did not increase the amount of the original deposit herein made by the plaintiff. By virtue of our holding herein the original award has been increased by the sum of Eighteen Hundred Seventy-eight and no/100 ($1878.00) dollars and under the law that plaintiff is liable for whatever costs they are legally cast for in this type of suit.
For the foregoing reasons it is ordered that our original judgment herein be amended to increase the award to the defendant by the sum of Eighteen Hundred Seventy-eight and no/100 ($1878.00) dollars and the plaintiff be cast for such costs as they are legally responsible for in this type of suit. In all other respects our original decree and judgment herein is hereby made the judgment of this Court.
Original judgment amended.