McCALEB, Justice.
Proceeding under the provisions of R.Si 48:441-460, the Department of Highways brought this expropriation suit alleging that the property belonging to defendant is necessary for the construction in the Parish of East Baton Rouge of the Airline Highway-Greenwell Springs Road Interchange (Junction of state route La.-U.S. 61 and La.-U.S. 190 with state route La. 37 East Baton Rouge Parish). The parcel expropriated is an unimproved portion of a larger tract of land owned by defendant on which are situated a masonry residence, a garage apartment and two rent houses.
Upon-'institution of suit the Department, conformably with R.S. 48:442(4), filed a statement of the amount of money estimated to - be just and adequate compensation for the taking -and showing the estimate of damages as a separate item, viz. value of land and improvements $4,870 and damages $1,878; ■ The total of these figures, $6,748, was- deposited in -the registry of the court, and an order of expropriation forthwith issued.
Thereafter, defendant moved for and was granted the right to withdraw the deposit. He also answered, averring that the value of the land is the sum of $8,000, and that the severance damages due, by reason of his loss of access to the main highway and being relegated to the use of a service road, was $12,000. After a trial on these issues there was judgment in favor of defendant for $17,430 subject to a credit of $6,748, the amount of the deposit which defendant had withdrawn from the registry of the court prior to trial. The district judge concluded the clear preponderance of evidence showed the fair market value of the land to be per square foot, thus entitling defendant to an award of $6,260 for the 6,956 square feet taken. The judge also deduced that the remainder of the tract had been -damaged by the taking and he awarded $11,170 as severance damages.
The Department appealed to the Court of Appeal, First Circuit. However, it conceded that the trial court’s award of $6,260 for the market value of the property actually expropriated is fully supported by the testimony of its own expert (Karl Snyder), contending only that the judgment for severance damages was excessive. The Court of Appeal in its original opinion, therefore, limited its discussion to the question of severance damages and, finding as a -fact -that defendant had. failed to *518 prove such damages with legal certainty, indicated that this portion of the judgment below had to be set aside. Nevertheless, the court concluded:
“On institution of suit plaintiff deposited in the registry of the trial court the sum of $6,748.00, of which amount $4,-870.00 represented compensation for land taken, the remaining $1,878.00 being for conceded severance damages. Plaintiff’s admission of liability in the aggregate of $6,748.00 entitled defendant owner to judgment in said amount without further proof. Having failed to establish entitlement to further award for severance damages, defendant is limited in recovery to the amount deposited without interest. See LSA-R.S. 48:455.” See State, Department of Highways v. Hunt, La.App., 219 So.2d 602 at page 607.
Accordingly, the judgment was amended so as to reduce it to the sum of $6,748.
In an application for a rehearing defendant contended, inter alia, that since plaintiff had conceded the trial court’s award of ■$6,260 was correct for the fair market value of the property actually taken and, since the court held he was entitled to severance damages in the amount of the estimate of the Department (the sum of $1,878 as set out in the appraisers’ certificate), he should have been awarded $8,138 ($6;260 for the part taken and $1,878 for severance damages) based upon plaintiff’s own pleadings and admissions.
The Department did not apply for a rehearing and, hence, .the judgment as to it became final to the extent of $6,748. The Court of Appeal granted a rehearing to defendant but, strangely enough, limited its consideration “to the question of defendant’s entitlement to amount of severance damages deposited by plaintiff.”
On rehearing defendant urged that, under the decision of that court in State Through Dept. of Highways v. Baddock, 170 So.2d 5 (1964), he was entitled to recover the $1,878 deposited by the Department as severance damages because the latter did not offer to amend its estimate of such damages at or before the trial and that all evidence pertaining to the absence of severance damages was admitted subject to counsel’s timely objection.
The Court of Appeal sustained this argument and increased its original judgment of $6,748 by the sum of $1,878 and cast the Department for such costs for which it was legally responsible in “this type of suit.” See La.App., 219 So.2d 602 at page 609. '
The Department thereafter applied for a rehearing and, when it was refused, sought review' here. The writ was granted, and the case has been argued and submitted for our decision.
At the outset it is pertinent to state that we granted certiorari for the purpose of correcting errors which are manifest in the *520 opinions of the Court of Appeal and also to determine whether certain procedural requirements imposed upon the Department by that court in State Through Dept. of Highways v. Baddock, 170 So.2d 5 (cert. denied 247 La. 351, 170 So.2d 867), were in conflict with the second paragraph of R.S. 48:456 which provides in substance that, if the compensation finally awarded is less than the amount deposited in the registry of the court, it is incumbent on the court to.entere judgment in favor of the plaintiff (expropriator) against the condemnee for the amount of the excess.[1]
In reviewing the opinion of the Court of Appeal on first hearing, we find the principal error made therein is the court’s allowance to defendant of the exact amount of $6,748, which had been deposited by plaintiff in the registry of the court, consisting of $4,870 as compensation for the land taken and $1,878 for (as the court put rt) “conceded severance damages”, notwithstanding plaintiff’s acknowledgment, in its brief to the appellate court, that the trial court’s award of $6,260 for the fair market value of the property actually taken was correct. The court also erred in limiting the rehearing granted defendant to a consideration of severance damages, in spite of defendant’s showing in his application that the mistake in the original opinion consisted of the court’s failure to affirm the trial court’s award of $6,260 for the fair market value of the property expropriated. Moreover, since the court’s original award included $1,878 “being for conceded severance damages”, the Court of Appeal on rehearing erred when it again awarded this $1,878 to defendant.
But, be this as it may, we cannot change the allowance of this amount ($1,878) on first hearing to the detriment of defendant or consider the argument made by the Department in this Court as to the alleged error of the Court of Appeal in allowing severance damages in the sum of $1,878, which formed an integral part of the total judgment of $6,748 on first hearing, since the Department did not apply for a rehearing and, hence, that judgment is final as to it. See Article 2167 C.C.P.; Succession of Morere, 117 La. 543, 42 So. 132; Levy v. Levy, 117 La. 779, 42 So. 267; Lahn & Co. v. Carr, 120 La. 797, 45 So. 707; Union Homestead Ass’n. v. Montegut, on rehear *522 ing 168 La. 369, 122 So. 68; Caldwell v. Caldwell, La.App., 55 So.2d 258; Ducuy v. Falgoust, on rehearing 228 La. 533, 83 So.2d 118; and Martin v. T. L. James & Co., on rehearing 237 La. 633, 112 So.2d 86.
Forasmuch as the basic error in the Court of Appeal’s original opinion consists of its allowance of. only $4,870 for the property expropriated when it was conceded the amount due was $6,260, this award, although apparently.^ the result of an oversight by the court, had the effect of denying defendant his constitutional right to just compensation for the land taken and, hence, the improvident order limiting the rehearing applied for by defendant to consideration of severance damages was ineffective, insofar as defendant’s right to just compensation is concerned. Accordingly, in this view of the case, defendant is entitled to the minimum compensation contended for by him in his application for a rehearing, that is, an award of $6,260 representing the fair market value of the property actually taken, plus the sum of $1,878, being the Department’s estimate of the severance damages sustained by the defendant as set out in its certificate, or a total judgment in the sum of $8,138, which is founded upon plaintiff’s pleadings and admissions.
We reiterate we ar.e without right to determine the correctness of the original award' of the Court of Appeal of $1,878 for severance damages, since the award of that amount (which forms part of the total judgment) became final when the Department failed to apply for a rehearing from the first judgment of the Court of Appeal. For this reason, as aforestated, we do not and cannot determine in this case whether it was necessary for the Department to amend its estimate by appropriate pleadings at the time of trial in order to obtain judgment against the defendant for the' amount of any excess deposit of compensation as provided by the second paragraph of R.S. 48:456.
For the reasons assigned, the judgment of the Court of Appeal, as amended on rehearing by increasing the award to defendant by the sum of $1,878, is hereby amended so as to reduce the increase in the amount of the original judgment to the sum of $1,390, and in all other respects the judgment of the Court of Appeal on rehearing is affirmed.

. The exact wording of the second paragraph of R.S. 48 :456 is as follows:
“If the compensation finally awarded is less than the amount so deposited, the court shall enter judgment in favor of the plaintiff and against the proper- parties for the amount of the excess.”
' (Italics ours.)
, The contention of the Department is " that, since it is the mandatory duty of the court to give judgment in favor of the condemnor for the amount of the excess when the amount - deposited is greater than the compensation finally awarded, the court has no alternative but to enter judgment for the amount of the excess and that it is not necessary for it to amend its pleadings in order to be entitled to judgment for such excess.