BARHAM, Justice
(dissenting).
It is my belief that the majority has misunderstood the judgment rendered by the Court of Appeal on original hearing. The last sentence of the first paragraph of that opinion states that court’s holding: “We set aside the award of which plaintiff-appellant complains [severance damages] because of defendant’s failure to prove severance damages with that degree of certainty required by law.” 219 So.2d 602, 603. (Emphasis here and elsewhere has been *524 supplied.) Again, at p. 607, that court states: “ * * * This conclusion on Mr. Williams’ part is mere speculation and, as such, may not constitute the basis of an award of severance damages.” The Court of Appeal on original hearing recognized the correctness of the award of just compensation made in the trial court but erred by increasing the judgment to the amount on deposit, apparently relying upon State through Department of Highways v. Baddock, 170 So.2d 5 (La.App. 1st Cir.1964). .Baddock held that the amount of the advance deposit placed into the registry of the trial court by the Department of Highways for just compensation and/or severance damages was binding upon it unless special pleadings were filed for reduction. On rehearing in the present matter the appellate court specifically cited and relied upon Baddock and compounded its original error. We granted writs here because we wished to examine the application of the Baddock decision.
■The majority’s error is- in its holding that “ * * * since the [appellate] court’s original award included $1,878 ‘being for conceded severance damages’, * * * ”, we are without right to determine the correctness of that award because of plaintiff’s failure to apply for a rehearing from that judgment. The phrase quoted by -the majority is taken from the following sentence in the Court of Appeal’s first opinion: “On- institution of suit, plaintiff deposited in the registry of the trial court the sum of $6,748.00, of which amount $4,870.00 represented compensation for land taken, the remaining $1,878.00 being for conceded severance damages.” It is obvious that this is not a finding or an opinion of that court that severance damages are due, nor is it an award for severance damages. It is only a statement of fact as to what made up the deposit in the registry of the court.
After making an explicit holding that there were no severance damages and accepting the trial court award of $6260.00 as just compensation, the Court of Appeal on first hearing applied the Baddock rule and refused to reduce the deposit of $6748.00, the estimate of value, which exceeded the actual value established on the trial of the case. The court’s judgment on original hearing is simply: “ * * * Plaintiff’s admission of liability [deposit of estimate] in the aggregate of $6,748.00 entitled defendant owner to judgment in said amount without further proof. * * The award of $1878.00 on rehearing as severance damages acknowledges the Court of Appeal’s intention to exclude severance damages in its original award. To impute any other intention to the original award is to place the Court of Appeal in the ridiculous position of awarding $1878.00 in severance damages twice.
, Plaintiff’s failure to apply for a rehearing- after the first judgment will not .allow *526 us to reduce the award of $6748.00. .However, .we must .find the actual award of $1878.00 on rehearing erroneous. That court, after rejecting severance' damages, increased defendant’s award to include non-existent damages because plain.tiff did not plead reduction under the Baddock rule. I believe the holding in the Baddock’ case to he erroneous since it is in direct contravention and violation of statutory mándate. The essence of the Baddock holding is: “However, should the Depart-’ ment seek'at the trial any determination of just and adequate compensation, whether for the land taken or severance damages, lower, than the estimate contained in its initial petition, it is incumbent upon the Department to so notify the defendant by filing an amended pleading setting forth this revised sum and give satisfactory reasons therefor at the trial.” R.S. 48:456 provides in part: “If the compensation finally awarded is less than the amount so deposited, the court shall enter judgment in favor of the plaintiff and against the proper parties for the amount of the excess.” The language of the statute is explicit and clear. It will not allow the innovation set forth in Baddock.
For these reasons I would amend the judgment to reflect these views and specifically overrule State through Department of Highways v. Baddock, supra. I therefore,respectfully dissent.