HOOD, Judge
(dissenting).
I cannot agree with that part of the majority opinion which affirms the award of $1100.00 for constructing a new cow pen, $150.00 for constructing a new water trough, and $6,000.00 for “inconvenience” in maintaining and repairing a water well.
Our jurisprudence is settled that the “before and after” rule is to be applied in determining severance damages. The amount of severance damages due the landowner should be the difference between the market value of his remaining property immediately before and its decreased market value immediately after the expropriation. State v. Hub Realty Company, 239 La. 154, 118 So.2d 364 (1960).
That rule was correctly applied by the trial court and by my colleagues in determining that the market value of defendant’s remaining property, on the east side of the new highway, was diminished to the extent of $250.00 per acre, and in awarding that amount to the landowner.
The evidence does not show, however, that there has been any diminution in value of the remaining property located on the west side of the highway, despite the fact that the old cow pen and water trough are of little or no use in pasturing cattle on that remainder. The majority nevertheless affirms the award to the landowner of the cost of building a new cow pen and constructing a new water trough on that west remainder. Such an award is based on the “cost to cure” concept. Our Supreme Court has specifically held that the “cost to cure” concept cannot serve as the basis for an award of severance damages. State, *203 Dept. of Highways v. Mason, 254 La. 1035, 229 So.2d 89 (1969); Reymond v. State, Dept. of Highways, 255 La. 425, 231 So.2d 375 (1970). See also State, Dept. of Highways v. Salassi, 244 So.2d 871 (La.App. 1 Cir. 1971).
I think the court can consider the fact that the cow pen and the water trough are no longer located on the west remainder, but it can do so only insofar as that circumstance might tend to show that the market value of that remainder has been diminished as a result of the taking. There has been no showing that the market value of the remainder has been diminished for that or for any other reason, and thus there is no basis for awarding severance damages to that remaining property. In any event, I believe that the majority has erred in making this award on the “cost to cure” theory.
I also disagree with the award of $6,000.00 for “inconvenience” in maintaining and repairing the water well located on defendant’s remaining property. The water well was not taken or damaged, but my colleagues nevertheless have affirmed an award of damages on the ground that the right-of-way is located close to the water well, and that the landowner thus will be subjected to some inconvenience in working on the well.
The law is settled that inconvenience to the landowner resulting from the taking is not a proper element of severance damages, and that resulting inconvenience can be considered only insofar as it may tend to show that the value of the owner’s remaining property has been diminished as a result of the taking. State, Dept. of Highways v. Hunt, 219 So.2d 602 (La.App. 1 Cir. 1969). There has been no such showing here.
For these reasons, I respectfully dissent from those parts of the majority opinion which affirm awards of severance damages based on the “cost to cure” concept or on resulting “inconvenience” to the landowner.