LANDRY, Judge.
The Department of Highways (Department) appeals from judgments rendered in these expropriation proceedings in favor of defendants, Hunter-Willis and Kentzel-Graham (Owners), awarding land and improvement values in excess of those deposited in court by the Department pursuant to proceedings under LSA-R.S. 48:441-48:460, inclusive, commonly known as the Quick Taking Statute. More precisely, the Department urges that the trial court erred in: (1) Awarding Owners damages for improvements, the value of which was not established by Owners as required by law; (2) miscalculating the value of the Kent-zel-Graham land taken, and (3) granting owners interest of 7% on the amounts recovered in excess of the deposits herein instead of 5% as provided in LSA-R.S. 48:455. We amend the judgments to correct the miscalculation conceded to have occurred in the Kentzel-Graham case, and also to reduce the interest award from 7% to 5%.
Severance damages are not an issue in these cases. It is conceded by all experts who testified herein that subject properties are best suited for commercial use and all appraisers based their valuations on this premise.
These takings occurred on February 4, 1970, for the improvement of U. S. Highway 190 between Covington and Chinchu-ba, St. Tammany Parish. The project calls for conversion of said highway from a two lane paved highway into a four lane divided roadway with curb and gutters, off site drainage and sub-surface drainage. Both ownerships are situated in Alexius- *788 ville Subdivision, on the west side of U. S. Highway 190. In effect, the Hunter property consists of two subdivision blocks, each measuring approximately 240 feet square, augmented to some extent by the closing of one or more subdivision streets. Said tract fronts 240 feet on U. S. 190 by a depth of approximately 520 feet. The property contained a large frame residence having front and rear porches and also containing five bedrooms, two baths, kitchen, living room and dining room. Other improvements consist of a shed covered well and a frame double garage. The taking from Hunter-Willis consists of a strip across the entire frontage by a depth of 122 feet containing 24,496 square feet. The residence was taken along with a portion of the driveway.
. The Kentzel property is one square or block removed from the Hunter parcel. It comprises a half block originally measuring 120 feet front by a depth of 240 feet, which frontage was increased to 139 feet by a street closure. The parcel contained a frame metal building with metal roof, constructed partly on a concrete slab and partially on piers. The slab portion was unfinished inside and, though empty when taken, had formerly served as a plumbing shop. The section of the building built on piers was completed as a residence and occupied as such by its owner when taken. A concrete block building stood to the rear of the main building. This auxiliary structure was used for storage and also as a pump house. The property also contained a well and concrete walks. The taking from Kentzel involved a strip across the entire frontage by a depth of 122 feet, containing an area of 17,157 square feet, and also involved a taking of all improvements.
In the Hunter case, the Department deposited in the registry of the court the sum of $27,303.00, representing a valuation of the land taken at 60 cents per square foot, or $17,694.00, and improvements taken as follows: House $9,440.00; other improvements $169.00.
In the Kentzel case, the Department deposited in the registry of the court the sum of $19,094.00, representing a valuation of land taken at 60 cents per square foot, or approximately $10,294.20, and approximately $8,799.80 for the improvements.
In each case, Owners withdrew the amounts of the deposits after first answering the Department’s petition and claiming damages in excess of those deposited both for land and improvements.
At the commencement of the trial, it was stipulated that the amount deposited by the Department as compensation for improvements taken was not contested in either instance. It was further stipulated that Owners accepted the sums tendered by the Department in compensation for improvements expropriated. It was also stipulated that Owners would confine their claims for additional compensation solely to demands for additional land values.
In fixing values in each instance, the Department relied upon the testimony of Edward J. Deano and Henry B. Breeding, Jr., Appraisers. Owners produced Frank J. Patecek, Appraiser, whose land valuations were accepted by the trial court. In valuing the properties, all appraisers used the market data approach.
Mr. Deano valued the expropriated portion of the Hunter property at 60 cents per square foot, or $17,694.00 for the 24,496 square feet taken. He valued the expropriated improvements at $9,440.00 for the house and $169.00 for the other improvements, thus arriving at a grand total of $27,303.00' for the entire taking. Mr. Breeding valued the expropriated Hunter property at $14,155.00, and the improvements thereon at $9,600.00, a total of $23,764.00.
Mr. Deano valued the expropriated portion of the Kentzel-Graham tract at 60 cents per square foot, or $10,294.00 for the 17,157 square feet taken, and the improvements thereon at $8,666.00, for a total val *789 ue of $18,960.00. Mr. Breeding valued the Kentzel-Graham property at 60 cents per square foot, but found the improvements had a value of $7,962.00, thus arriving at a value of $18,256.00 for both land and improvements taken.
Testifying for Owners, Mr. Patecek valued the Hunter property at 90 cents per square foot or a total of $26,541.00 for the expropriated land alone. Mr. Patecek valued the Kentzel-Graham land, without reference to the improvements, at $1.05 per square foot, or $18,013.80 for the land. In each instance, Mr. Patecek testified in effect that he did not value improvements, but considered the land alone, with or without improvements, was worth the amount of his appraisals. The trial court accepted Mr. Patecek’s valuations of the lands taken. Based on the stipulation that the amount deposited in court by the Department as compensation for the improvements involved in each case was acceptable to Owners, the trial court rendered judgment in favor of Hunter in the sum of $36,155.00, representing Patecek’s valuation of the land plus the $9,614.00 deposited as compensation for improvements in the Hunter case. The trial court also rendered judgment in favor of Kentzel-Graham in the aggregate of $26,814.85, considering the land value of this property was fixed on a unit basis of $1.05 per square foot, and the value of improvements was fixed at $8,801.15. It is conceded that Patecek’s computation of $1.05 per square foot as the value of the Kentzel-Graham property contains a 5 cents per square foot mathematical error, and that using Patecek’s valuation, the Kentzel-Graham property should be valued at $1.00 per square foot.
The Department does not seriously question the land values awarded by the trial court. The Department insists, however, that the awards in both cases were excessive because Owners did not establish values in excess of the deposits. It is the Department’s position that Owners cannot recover the value of improvements in these instances, first, because Owners offered no evidence of improvement value and, secondly, because Owners’ expert, Patecek, testified emphatically that the improvements in each case had no value. Therefore, the Department urges the maximum recovery by Hunter should be the sum of $26,541.00, the land value fixed by Patecek, and alternatively, Hunter should recover no more than the Department’s deposit of $27,303.00. In the Kentzel-Graham case, the Department argues maximum recovery should be limited to $18,013.80, the land market value established by Patecek, and, alternatively, that recovery should be limited to the Department’s deposit of $19,094.-00.
In effect, the Department contends that the cases of State, Through the Department of Highways v. Baddock, 170 So.2d 5, cert. denied, 247 La. 351, 170 So.2d 867; State, Through the Department of Highways v. Hunt, 219 So.2d 602, and State, Through Department of Highways v. Hunt, 255 La. 513, 231 So.2d 563, are authority for the rule that in an expropriation proceeding under the Quick Taking Statute, the Department is not^bound by its deposits, and that courts may enter an award for less than the amount of the Department’s deposit when Owner fails to prove damages equal to the deposit.
In Baddock, above, the court held that the Department is bound by its estimates of just compensation for land and improvements deposited upon the filing of suit unless the Department amended its pleadings before trial to seek a reduction in the amount of its deposit for land and improvements.
In Hunt, 219 So.2d 602, this court held that the Department was bound by its deposit of severance damages where the Department did not seek a reduction therein even though it was found that no severance damages were due.
The Supreme Court granted writs to review this court’s decision in Hunt, above. In State, Through the Department of Highways v. Hunt, 255 La. 513, 231 So.2d *790 563, upon reviewing our Hunt decision, the Court, on procedural grounds, declined the relief sought therein By the Department. In brief and oral argument, Counsel for the Department relies heavily upon the dissent of Justice Barham in Hunt, above, which dissent, Counsel urges, has the effect of overruling the opinions of this court in the Baddock and Hunt cases, above.
We answer Counsel’s argument by stating that the instant cases do not fall within the ambit of either Baddock or Hunt, above. In these instances, the improvement values deposited by the Department were accepted by Owners as representing the true value of the improvements involved. It was stipulated at the commencement of trial that said values were not in dispute, and that Owner’s proof would be restricted to establishing higher land values than those estimated by the Department.
In these instances, Owners are not urging that the Department is bound by its deposit because the Department failed to amend its pleadings requesting a reduction of said deposits. Owners herein are relying upon a stipulation as to improvement values entered into at the time of trial.
We are aware that LSA-R.S. 48:456 provides that where, after trial, the amount awarded an owner is less than the amount of the Department’s deposit, judgment must be rendered in favor of the Department for the amount of the excess deposited. We are likewise cognizant that LSA-R.S. 48:453 requires an owner to prove his claim for damages. See also to the same effect, State, Through the Department of Highways v. Levy, 242 La. 259, 136 So.2d 35; State, Through the Department of Highways v. Trosclair, 207 So.2d 597.
We find, however, that neither the above statutes nor jurisprudence preclude the Department from stipulating with an owner as to the binding effect of a deposit concerning which the Department and the owner are in agreement. It is elementary that the law favors compromises which either settle completely or minimize the issues in a lawsuit. The reasons for the rule are obvious. Where the Department and an owner are in agreement as to a particular element of damages, requirement of further proof would serve no useful purpose. On the contrary, such a rule would necessitate the useless expenditure of time to establish a fact concerning which there is no dispute between the litigants. We hold, therefore, that in view of the stipulation involved herein, Owners were relieved of the obligation of establishing improvement values.
Assuming, however, such proof were required, we find that the testimony of the Department’s experts, Deano and Breeding, amply supports the improvement values allowed by the court below. Both said experts made positive statements of such valuations on direct examination by the Department’s counsel as well as on cross-examination by counsel for Owners. We are of the view that the evaluations of the Department’s experts, which support a position taken by an owner, may constitute the proof required of an owner.
We find no merit in the Department’s contention that Owners’ appraiser, Patecek, negated the value of the improvements on subject tracts. Mr. Patecek did not testify that the improvements had no value. He testified that he did not value the improvements on either tract, and that in making his evaluations, he considered the value of the land alone without regard to the improvements thereon.
Having established land \alues in excess of those deposited by the Department, Owners are entitled to that excess together with the stipulated value of the improvements. In the Kentzel-Graham case, however, the land value award must be reduced from $18,014.85 to $17,157.00 (17,157 square feet at $1.00 per square foot instead of $1.05 per square foot as awarded below), resulting in a reduction in *791 award to Owners, Kentzel and Graham from $26,814.00 to $25,958.15. In both the consolidated cases, interest on the excess awards will be granted at the rate of 5% per annum instead of 7% per annum.
It is ordered, adjudged and decreed that the judgment rendered herein in favor of defendants-owners, Patrick R. Hunter and James R. Willis, be and the same is hereby-affirmed save and except that said decree is amended to reduce from 7% per annum to 5% per annum, the interest therein decreed due from February 4, 1970, until paid; all costs of these proceedings for which the Department may be legally cast shall be paid by the Department.
Amended and rendered.